211 P.2d 463

HUGHES v. INDUSTRIAL COMMISSION
(MAGMA COPPER CO., Intervener).

No. 5141.

Supreme Court of Arizona.

Nov. 21, 1949.

194

V. L. Hash and Robert C. Moore, of Phoenix, for petitioner.

H. S. McCluskey, Phoenix, for respondents Industrial Commission of Arizona; Robert E. Yount, Phoenix, of counsel.

Darrell R. Parker, Phoenix, for respondent Marianna H. Gonzales.

Guynn & Twitty, Phoenix, for intervener.

UDALL, Justice.

The ultimate question here presented is who is entitled to the "death benefits" resulting from the demise of Robert H. Gonzales who was instantly killed on February 11, 1947, in an accident arising out of and in the course of his employment as a miner for the Magma Copper Company at Superior.

To obtain a clearer understanding of the issues raised we set forth a resume of the facts developed at the hearings in the instant case, stating same in the light most favorable to a sustaining of the awards made by the Commission. Robert H. Gonzales and Margaret Hughes Gonzales were married on December 11, 1939. No children were born as the issue of this marriage. Katherine Hughes on July 23, 1941, gave birth to Billy Gene Hughes out of lawful wedlock. The record does not disclose the whereabouts or residence at any time of the natural father and his rights, if any, are not involved in this legal controversy. Within five to eight days after birth, at the direction and with the consent of the natural mother, said child was delivered to Margaret Hughes Gonzales, a sister of the mother, for adoption. Margaret Hughes Gonzales was then residing with her husband (the decedent) at their home in Benson, Cochise County, Arizona. The baby was actually delivered to the Gonzales home by Emma Hughes, another sister, and one Marjorie White, a representative of the Pima County Board of Social Security and Welfare. Thereafter on April 11, 1942, Mr. and Mrs. Gonzales filed a petition with the Superior Court of Pima County asking leave to adopt the minor, Billy Gene Hughes. The usual notice was given and preliminary investigations made, after which a hearing was had, and on May 17, 1943, the Pima County Superior Court entered an interlocutory order of adoption. The petitioners took no steps during the lifetime of Robert H. Gonzales to have entered a final decree of adoption of said minor child. However after the death of decedent a petition was filed in said court by Margaret H. Hughes seeking issuance of a final order of adoption through the entry of a nunc pro tunc order. This effort failed as, on May 15, 1948, the court denied the petition. The Gonzales family, with the baby, moved to Phoenix late in 1943. Marital troubles developed and on January 30, 1945, the Superior Court of Maricopa County entered a decree of divorce dissolving the bonds of matrimony and restoring to Mrs. Gonzales her maiden name of

Margaret H. Hughes. This judgment recited that there was no issue of the marriage and no mention is made of the minor, Billy Gene Hughes. The latter, however, remained in the custody and control of Margaret H. Hughes, and her testimony, which stands uncontradicted, is to the effect that decedent, Robert H. Gonzales, voluntarily continued to support the minor by payments to her of the sum of $50 each and every month until the date of his death.

Magma Copper Company, the defendant employer, was insured against liability for the payment of accident benefits and compensation under the Arizona Workmen's Compensation Law by the Industrial Commission of Arizona as insurance carrier. There were two claimants for death benefits provided for under section 56-953, A.C.A.1939—Marianna H. Gonzales, mother of decedent, who asked that she, as a partial dependent, be awarded compensation, and Margaret Hughes (divorced wife of decedent) who, while asking no relief in her own right, filed a claim for and in behalf of Billy Gene Hughes, aged six years, asserting that said minor was an adopted child of, as well as dependent upon, decedent. Various hearings were held and on June 21, 1948 the Commission found that Billy Gene Hughes was not legally adopted by decedent, Robert H. Gonzales, as no final order of adoption had been entered and therefore it held said minor was not entitled to death benefits. The award

was to the effect that the minor take nothing by reason of the application made in his behalf. Upon the same date an award was made to the mother of decedent as partial dependent at the time of his death.

By certiorari the award denying compensation to the minor is brought before us for review by Margaret Hughes (hereinafter termed petitioner). She assigns as error the respondent Commission's finding that the minor, Billy Gene Hughes, was not legally adopted and therefore not entitled to the death benefits accruing by reason of the death of decedent, the contention being that neither the findings nor the award are supported by the evidence and both are contrary to the evidence.

Magma Copper Company, the self-rating employer, was granted leave to intervene. Separate briefs urging the upholding of the Commission's action in all respects were filed by the intervenor, the mother of decedent, and the Commission. These briefs squarely present a jurisdictional question in that they collaterally attack the jurisdiction of the Superior Court of Pima County to entertain the petition for leave to adopt said minor or to enter the interlocutory order in question for the reason, as respondents contend, that both said minor and the adopting petitioners were, at the time the petition was filed, legal residents of Cochise County, Arizona.

Whether or not the awards in the instant case were properly made rests

largely upon the force and effect of the interlocutory order of adoption. Unless this order was void it is binding upon the Commission in so far as it is legally effective and may not be attacked collaterally in this manner. On the other hand, a void order of adoption has no validity or sanctity and may be attacked in a collateral proceeding. 1 Am.Jur., Adoption of Children, sec. 75. This court has repeatedly stated that three elements must occur or a judgment or order is void upon its face and hence subject to attack at any time. These elements are (1) jurisdiction of the subject matter of the case, (2) of the persons involved in the litigation, and (3) to render the particular judgment or order entered. Hallford v. Industrial Commission, 63 Ariz. 40, 159 P.2d 305. Abstractly speaking the Superior Court of Pima County, of course, has jurisdiction of adoption matters and the right to enter both interlocutory and final orders of adoption. However before the power of a particular superior court to order an adoption in a given case can become operative all the facts enumerated in the statute as being essential to the court's jurisdiction must be made to appear. In re Webb's Adoption. 65 Ariz. 176, 177 P.2d 222; Rizo v. Burruel, 23 Ariz. 137, 202 P. 234, 19 A.L.R. 823; In re McGrew, 183 Cal. 177, 190 P. 804; Vargas v. Greer, 60 Ariz. 110, 131 P.2d 818. The matter of the jurisdiction of the superior court of Pima County to enter the interlocutory order of adoption must be determined from the judgment roll or documents of record in the adoption matter and not by extraneous matters dehors that record. Freeman on Judgments, Fifth Edition, Vol. 1, Sec. 375.

■ Petitioner points out that this collateral attack on the validity of the interlocutory order of adoption was not presented as a defense before the Industrial Commission, hence she argues that this ground may not be raised for the first time on appeal. This contention would have merit if a jurisdictional question were not involved. The law is well settled that jurisdiction of subject matter of a character incapable of being waived must be considered when raised for the first time on appeal. Mosher v. Bellas, 33 Ariz. 147, 264 P. 468; In re Baxter's Estate, 22 Ariz. 91, 194 P. 333.

Due to the incompleteness of the record certified to us by the Industrial Commission, upon our own motion we ordered the clerk of the Pima County Superior Court to transmit to this court the complete file in the adoption matter. From the record these facts now appear: (1) that the natural mother being unable to provide for the support of the child placed him with petitioner (Margaret Gonzales and her deceased husband) in October, 1941; (2) that written consent for petitioners to adopt said minor was given by the natural mother on April 10, 1942; (3) that the whereabouts of the natural father is unknown; (4) the petition for leave to adopt states,

"That your petitioners reside in the County of Cochise, State of Arizona; * * * that said child resides in the County and State aforesaid with your petitioners. * * *" However the interlocutory order is silent as to jurisdictional facts and there is no express finding that the court had jurisdiction. Nor is there anything in that record establishing the residence of the natural mother at the time the petition for adoption was filed or disclosing where the child was born. Further, the claim that the child was released for adoption to the Pima County Board of Social Security and Welfare is without support in the record.

In the case of In re Webb's Adoption, supra, this court held (1) that the statutes relative to adoption being in derogation of the common law must be strictly construed; (2) that the statute, Sec. 27-202, A.C.A.1939, requires the filing of the petition to adopt in the superior court of the county "in which a child resides"; (3) that the term "resides" refers to legal residence or domicile; (4) that an infant not being sui juris cannot fix or change his domicile; (5) that his residence is that of his parents or the one of them who has the legal custody of him, or if neither parent has the legal custody, then one who stands in the relation of loco parentis to him; (6) that the jurisdictional prerequisites of residence must be met as of the date of the filing of the petition to adopt.

Applying these legal principles to the factual record in the adoption matter it manifestly appears that the Superior Court of Pima County, at the time the petition to adopt was filed, did not have jurisdiction of the persons and consequently did not have jurisdiction of this particular subject matter, as the residential requirements prescribed by the statute had not been met. The child was, as the petition to adopt alleged, then a resident of Cochise County because adoptive petitioners stood in loco parentis to the minor and their residence being in Cochise County established his residence there.

"Necessarily the statutes upon which the proceeding is based, if a statutory one, must be taken into consideration in determining the sufficiency of the pleading to confer jurisdiction. The averment of matters which the statute makes jurisdictional is an indispensable prerequisite to the attaching of jurisdiction over the subject matter. * * *" Freeman on Judgments, Fifth Edition. Vol. 1, Sec. 338.

The adoptive petitioners by filing their application in Pima County could not bestow jurisdiction upon that court.

"* * * Where the law has withheld jurisdiction, no power rests in litigants to confer it, and any attempt to present the issues to a court that has no jurisdiction under the law to determine them would impart no validity to the resulting judgment * * *" Ibid.

The conclusion reached as to the invalidity of the interlocutory order of adoption of said minor makes it unnecessary for us to determine whether under the Workmen's Compensation Law death benefits are payable to a "child" in a case where the adoption proceedings have only reached the stage of an interlocutory order with no final decree entered.

Petitioner, Margaret H. Hughes, predicated the minor's claim to compensation upon section 56-953, supra, and in particular paragraph 5 of said section, which reads "To a single surviving child * * * twenty–five (25) per cent of such average wages; * * *." The adoption proving abortive, the minor, irrespective of dependency, lost his superior status and the partially dependent mother under paragraph 6a, of Sec. 56-953, supra, attains the primary class and thereby becomes exclusively entitled to the death benefits. Under this factual situation compensation cannot be paid to both. Ulbrich v. Tovrea Packing Co., 49 Ariz. 269, 66 P.2d 235.

The awards are affirmed.

STANFORD, PHELPS, and DE CONCINI, JJ., and THOMAS J. CROAFF, Superior Court Judge, concurring.

NOTE: Chief Justice LaPRADE being ill at the time the case was submitted, Judge THOMAS J. CROAFF, Superior Judge, was called to sit in his place.