360 P.2d 221

**ARIZONA SECURITIES, INC., a corporation, Appellant,**

v.

**Dannie KEENE, aka Donnie Keene and Gerrald Keene aka Gerrold Keene, John Doe and Jane Doe, and Reliable Dry Wall Engineering Company, Inc., Appellees.**

No. 6785.

Supreme Court of Arizona.

March 8, 1961.

Tom Roof, Phoenix, for appellant.

John P. von Blum, Phoenix, for appellee Reliable Dry Wall Engineering Co., Inc.

JENNINGS, Justice.

This is an appeal by Arizona Securities, Inc., hereinafter called plaintiff, from an order of the trial court granting the motion of Reliable Dry Wall Engineering Company, Inc., hereinafter called garnishee, to set aside default and default judgment.

On September 13, 1956, plaintiff filed a complaint in the Maricopa County Superior Court to recover sums due on a contract executed by the defendants Keene. Service of process was secured upon defendants and default entered against them. On December 27, 1956, a writ of garnishment against garnishee was issued and a copy was served on that date at 5:50 p. m. upon Alan DeMore, manager, Reliable Dry Wall Engineering Co. The writ and affidavit of service thereof were filed December 29, 1956. No answer was made to the writ by garnishee and an affidavit on default of garnishee was filed January 11, 1957. On May 28, 1957, the court entered the default of the garnishee and entered judgment in the sum of $330.34 against the defendants Keene and against garnishee.

On January 11, 1958, execution issued against the garnishee. The sheriff levied on garnishee's property on January 17,

1958, and received $349.62 in cash which represented the amount of the judgment plus $14.08 interest, and $5.20 for costs. This was paid to the plaintiff's attorney and the return on execution was filed January 20, 1958. Garnishee moved to set aside the default and the judgment on January 22, 1958, nearly eight months after the filing of the judgment, upon the grounds of mistake, inadvertence, surprise and excusable neglect, citing Rule 60(c) of the Rules of Civil Procedure, 16 A.R.S.

The court heard the motion on special argument of counsel and took the matter under advisement on February 7, 1958. On August 5, 1958, the court made its order granting garnishee's motion to set aside default and default judgment, from which order plaintiff appeals.

Plaintiff contended that the trial court erred in granting garnishee's motion, citing that the court exceeded its jurisdiction in adjudicating a motion filed by garnishee more than six months after rendition of judgment for plaintiff. Plaintiff further contended that the trial court abused its discretion, as a matter of law, in setting aside the default judgment on an insufficient showing of mistake, inadvertence, surprise, or excusable neglect by the garnishee.

Rule 60(c), 16 A.R.S., 1956, Rules of Civil Procedure, provides as follows:

"Mistakes; inadvertence; surprise; excusable neglect. On motion and up-on such terms as are just, the court may relieve a party or his legal representative from a judgment, order, or proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect. The motion shall be made within a reasonable time, but in no case exceeding six months after such judgment, order, or proceeding was taken. A motion under this subdivision does not affect the finality of a judgment or suspend its operation. This Rule does not limit the power of a court to entertain an action to relieve a party from a judgment, order, or proceeding, or to set aside within one year a judgment obtained against a defendant not actually personally notified."

Rule 60(c) is the same as Section 21–1502, A.C.A.1939, which is a duplicate of Rule 60(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. from whence it was taken. A Calforina statute, in turn, served as a model for this federal rule. Ledwith v. Storkan, D.C., 2 F.R.D. 539; Wallace v. United States, D.C., 2 F.R.D. 173; United States, for Use of Kantos Bros. v. Mutual Const. Co., D.C., 3 F.R.D. 227.

In discussing this rule which is a duplicate of Section 21–1502, supra, A.C.A. 1939, we held in Rawlins v. Wilson, 66 Ariz. 267, 187 P.2d 322, that it should be broadly interpreted, should be liberally con-

strued, and that each case decided under the rule must be determined on its own facts.

As this Court stated in Eldridge v. Jagger, 83 Ariz. 150, 152, 317 P.2d 942, 944:

" * * * We have repeatedly held an application to open, vacate or set aside a judgment is within the sound discretion of the trial court and its action will not be disturbed by this court except for a clear abuse of discretion. Brown v. Beck, 64 Ariz. 299, 169 P.2d 855; Thomas v. Goettl Bros. Metal Products, 76 Ariz. 54, 258 P.2d 816."

■ However, it must be kept in mind that when a court exceeds its jurisdiction it is without authority to apply its sound discretion on the matter in question. In State v. McCarrell, 80 Ariz. 240, 243, 295 P.2d 1086, 1088, a typical proceeding wherein the motion to set aside a default judgment was made under the provisions of Rule 60(c), this Court said:

" * * * In the instant case the motion was not made until over eight months after the entry of such judgment. The trial court was therefore without jurisdiction to enter any order thereon except to deny the motion."

Garnishee in the instant case contended, however, that because it was not personally notified of the judgment, the latter portion of Rule 60(c) is applicable and as a consequence the court is not held to the six months' rule. That portion of the rule reads:

" * * * This Rule does not limit the power of a court to entertain an action to relieve a party from a judgment, order, or proceeding, or to set aside within one year a judgment obtained against a defendant not actually personally notified."

The garnishee contended that the proper construction of this portion of the rule was to give an additional "six months of grace" to one who was not "actually personally notified" of the judgment.

That this is clearly not the meaning of the rule may be readily ascertained by a perusal of the California cases applying the one-year rule of which Penland v. Goodman, 44 Cal.App.2d 14, 111 P.2d 913, is representative. In that case the court held that a default judgment entered *without out service of summons* and complaint may be set aside on motion within one year from its entry. Section 473a of Code of Civil Procedure of the State of California from which this portion of our statute originated states:

"[Answer of defendant not served] When from any cause the summons in an action has not been personally served on the defendant, the court may allow, on such terms as may be just, such defendant or his legal representatives at any time within one year

after the rendition of any judgment in such actions to answer the merits of the original action."

 Hence, the extra six months addended to the original six months' limitation period, and pursuant relief from default under the section is predicated on the assumption that personal jurisdiction of the defendant has not been obtained. Solot v. Linch, 46 Cal.2d 99, 292 P.2d 887. The additional time is obviously not based on the fact that the defendant was not personally notified of the judgment.

It is interesting to note that California's counterpart of Arizona's Rule 60(c) is actually contained in two separate statutes: Code of Civil Procedure of the State of California, sections 473 and 473a, supra.

Section 473a (relating to the one-year period) was formerly a component part of section 473. However, in 1933 this section was made separate as though to emphasize that a defendant not served and/or a defendant served only by publication has the advantage in his attempt to vacate a judgment by default, whereas, under section 473, the burden is strictly on the defendant to show that he has suffered mistake, surprise, etc., within the six months' period. Gardner v. Gardner, 72 Cal.App. 2d 270, 164 P.2d 500.

■ In the instant case there is no dispute as to the fact that the garnishee was personally served. Within the meaning of our statute he was thus personally notified. Therefore, the garnishee is not within that class of claimants which may properly invoke the "six month period of grace" under Rule 60(c).

Since the court did not have proper jurisdiction to set aside the default judgment, it becomes unnecessary to decide the second assignment of error.

Accordingly, the judgment of the trial court is reversed and that court is ordered to reinstate the default of the garnishee and the judgment based thereon.

STRUCKMEYER, C. J., and BERNSTEIN, UDALL and LOCKWOOD, JJ., concur.