425 P.2d 572

**STATE of Arizona, Appellant,**

**v.**

**Jerry ALLRED, Dale Allred, and Harvey All-red, dba Allred Brothers, Appellees.**

**No. 8599.**

Supreme Court of Arizona.

In Banc.

March 29, 1967.

Robert W. Pickrell former Atty. Gen., Darrell F. Smith, Atty. Gen., Phillip M. Haggerty, Asst. Atty. Gen., Phoenix, for appellant.

Rhodes, Killian & Legg, by Vernon L. Nicholas, Mesa, for appellees.

LOCKWOOD, Justice:

Defendant, Rillito Race Track, was indebted to the plaintiffs in the amount of $4,082.00. Under the provisions of A.R.S. § 5–107, the race track had posted with the State Racing Commission a cash deposit in the sum of $5,000.00. The deposit was to insure the payment of certain racing fees. Plaintiffs brought suit against the defendant and the General Insurance Company of America for the amount owed them, and filed a writ of garnishment against the State. The State, through the Attorney General, answered, admitting that it owed the defendant $5,000.00, since the racing fees had been paid, and requested the court to direct the payment of that amount as it so chose. Plaintiffs then agreed to move to dismiss the action against the insurance company on the strength of the State's answer admitting the debt owed by it to the race track. The defendant race track then consented to the entry of a default judgment against it and in favor of the plaintiffs. Upon proper motions made by the plaintiffs, suit was dismissed against the insurance company, default judgment was entered against the race track, and judgment was entered against the garnishee-defendant State of Arizona.

After the trial court rendered the above judgments, the State moved to amend its pleadings to deny the indebtedness owed the race track. The State claimed that it had a valid set-off against the race track's claim to the $5,000.00, because the race track owed the State over $30,000.00 in back taxes. Since no notice had been given that judgment would be entered, when the State moved to amend, it was unaware that judgment had already been entered against it. The State then moved to have judgment against it set aside on the ground that it was void. The motion was taken under advisement, and subsequently denied. From the denial of this motion this appeal ensued.

We believe that this appeal may be disposed of by a consideration of the statutes concerning garnishment, A.R.S. § 12–1571 et seq., and their application to the State as a garnishee.

■ This Court held that the State is not subject to garnishment except as to the wages owed by it to its employees and officials. Grande v. Casson, 50 Ariz. 397, 72 P.2d 676 (1937), overruled on other grounds, State ex rel. Morrison v. Thelberg, 87 Ariz. 318, 350 P.2d 988 (1960); Stone v. Ariz. Highway Comm., 93 Ariz. 384, 381 P.2d 107 (1963). Garnishment is a creature of statute governed by the terms of the statutes which have created the remedy. Weir v. Galbraith, 92 Ariz. 279, 376 P.2d 396 (1962). The remedy of garnishment did not exist at common law. Beggs v. Fite, 130 Tex. 46, 106 S.W.2d 1039 (1937). Since the remedy was unknown at common law, neither the State nor anyone else could be made a garnishee without legislative sanction.

■ The garnishment statutes are found in Title 12, Chapter 9, Articles 4 and 5, A.R.S. Arizona Revised Statutes § 1–211 requires us to interpret statutes in the light of the legislative intent. This section further states that statutes ought to be liberally construed in order to "effect their objects and promote justice." All other rules of statutory construction are secondary and are to be used only to aid in the proper application of the two rules of construction set forth above. Mendelsohn v. Superior Court, 76 Ariz. 163, 261 P.2d 983 (1953).

■■ We have stated that in a proper case we will apply the doctrine of *expressio unius est exclusio alterius*. Lewis v. Industrial Commission, 93 Ariz. 324, 380 P.2d 782 (1963). The Legislature in A.R.S. § 12–1601 et seq. has provided that the State may be garnished for wages owed by it

to its employees and officials. Thus it appears to us that when the Legislature provided that the State may be made a garnishee only in the situation when a state employee or official is the defendant in the main action, it necessarily meant to exclude the State from being made a garnishee under any other circumstances.

■ The reason for the rule of excluding the State as a garnishee seems obvious. The present fact situation points up precisely the problem that the Legislature sought to avoid in excluding the State as a potential garnishee under circumstances other than as set forth in A.R.S. § 12–1601 et seq. In the case at bar, the State Treasurer was garnished and the Attorney General answered the writ after checking with the Racing Commission and determining that nothing was due the Commission from the defendant race track. Later the Attorney General was informed by the State Tax Commission that some $30,000 in back taxes was owed to the State by the race track. Obviously an enormous burden would be placed on the State to check with its various agencies to determine if it had a right of set-off against the money which it might owe to a defendant in the main action. Thus to prevent this burden, the Legislature made it clear that only under limited circumstances could the State be made a garnishee.

Therefore, we hold that the judgment entered in the Superior Court against the State as garnishee is void. The cause is reversed and remanded with instructions to set aside the judgment.

BERNSTEIN, C. J., McFARLAND, V. C. J., and STRUCKMEYER and UDALL, JJ., concur.