498 P.2d 169

**SAN FERNANDO MOTORS, INC., a corporation, Appellant,**

v.

**Link FOWLER, aka Lincoln Fowler, Appellee.**

**No. 2 CA–CIV. 1120.**

Court of Appeals of Arizona, Division 2.

June 6, 1972.

Rehearing Denied June 27, 1972.

Review Denied Sept. 12, 1972.

Warren R. Brock, Tucson, for appellant.

William K. Richey, Tucson, for appellee.

HOWARD, Judge.

This is an appeal by the plaintiff from an order granting garnishee's motion to set aside a default judgment.

After obtaining judgment, appellant San Fernando Motors instituted this garnishment against Alvin Ervin, d/b/a Standard Metals & Salvage, and La Verne Ervin, his wife, as defendants and Link Fowler as garnishee. Garnishee Fowler failed to answer and judgment by default was entered on November 13, 1970. On June 4, 1971, Fowler moved to set aside the judgment claiming that he had a meritorious defense and that he had not been properly served with process in the garnishment proceeding.

Following a hearing on the motion the court found that Fowler "claims a meritorious defense and that the notice given to him of the garnishment proceedings by means of the 'Writ of Garnishment' was inadequate upon which to base the Default Judgment" and ordered that the judgment be set aside.

 The sole question on appeal is whether the document entitled "Writ of Garnishment", which was served upon the garnishee by a private process server, was adequate to confer jurisdiction upon the court.[1] Return of the document was accompanied by an "Affidavit of Service of Process" stating that Link Fowler had been personally served with a copy of the "Writ of Garnishment."

 Appellant contends that service of the writ alone is sufficient to constitute proper service in a garnishment proceeding and that such service may be made by a private process server regardless of the fact that A.R.S. § 12–1577, subsec. B requires service by the sheriff or constable. In support of this position appellant relies primarily on three Arizona Supreme Court cases: Gonzales v. Whitney, 90 Ariz. 324, 367 P.2d 668 (1961); Arizona Securities, Inc. v. Keene, 89 Ariz. 211, 360 P.2d 221 (1961); Davis v. Chilson, 48 Ariz. 366, 62 P.2d 127 (1936). Having studied these cases we agree with appellant's contention that service of process upon the garnishee may be made by a private process server. *See* Gonzales v. Whitney, supra. However, we do not agree with appellant's contention that these cases hold that service of the writ alone, such as was used in this case, satisfies the statutory and constitutional requirements of notice to the garnishee in a garnishment proceeding, for it does not appear that the adequacy of the notice itself was before the court in any of those cases. Appellant further contends that the portion of the document headed "Notice and Summons" is mere surplusage

and therefore, there is no requirement that it actually be executed.

Appellee maintains that, even though service may be made by a private process server, it remains a requirement of A.R.S. § 12–1574 that the sheriff or constable himself summon the garnishee by executing that portion of the document entitled "Notice and Summons" and that unless he has done so the garnishee has been directed to do nothing.

Because garnishment is a creature of statute, regulated by the terms thereof, we must first look to the statute involved. State v. Allred, 102 Ariz. 102, 425 P.2d 572 (1967). A.R.S. § 12–1574, subsec. A provides:

"§ 12–1574. Issuance, service and return of writ; corporation as garnishee

A. The clerk or justice of the peace shall file the affidavit provided for in § 12–1573, and bond, if any, and immediately issue a writ of garnishment directed to the sheriff or any constable of the county where the garnishee is alleged to be, commanding him forthwith to summon the garnishee to appear before the court out of which the writ issued within the time specified in the writ, to answer upon oath what, if anything, he is indebted to defendant and was when the writ was served, and what effects if any, of defendant, he has in his possession and had when the writ was served, and what other person if any, within his knowledge is indebted to defendant or has effects belonging to defendant in his possession."

A.R.S. § 12–1577, as amended, provides:

"§ 12–1577. Issuance of writ; service on branch of financial institution

A. The writ of garnishment shall be dated and attested as other writs and may be delivered by the officer who issued it to the sheriff or constable, or to the plaintiff for delivery to the sheriff or constable.

---

1. A copy of the original document served upon appellee is attached hereto as Appendix A.

B. The officer receiving the writ shall immediately serve it by delivering a copy to the garnishee, and shall make return thereof as of summons."

In Gonzales v. Whitney, supra, our Supreme Court was faced with the question of whether A.R.S. § 12–1577, subsec. B is satisfied where the service upon the garnishee is made by private process server rather than by a sheriff or constable. The court therein held that Ariz.R.Civ.P. 4(c), 16 A.R.S., modified A.R.S. § 12–1577 to provide that service may be made by any person set forth in that rule, which includes private process servers.

The question before this court, however, is not whether service may be made by a private process server, but whether service of the "Writ" alone satisfies the requirements of due process and A.R.S. § 12–1574. That section, as set forth above, provides in pertinent part that "The clerk or justice of the peace shall . . . issue a writ of garnishment directed to the sheriff or any constable of the county where the garnishee is alleged to be, *commanding him* forthwith *to summon the garnishee* to appear before the court . . .." (Emphasis added).

It should be noted that the form served upon the garnishee in this case contains both a "Writ of Garnishment" and a "Notice and Summons." The writ itself, which was properly executed, is specifically directed to "the Sheriff or any Constable of Pima County . . ." and provides *inter alia:*

"Therefore, *you are hereby commanded forthwith to summon the said garnishee* if he be found within your County, *to be and appear before the said Court within ten days after the service of summons,* exclusive of the day of service if served within this County, or within twenty days if served outside this County, then and there to answer upon oath what, if anything, said garnishee is indebted to the said defendant at the time this writ was served upon said gar-

nishee, and what effects, if any, of the said defendant were in the possession of the garnishee when this writ was served and what other persons, if any, within the knowledge of the garnishee, are indebted to the defendant or have effects belonging to the defendant in possession, and if the said garnishee be incorporated or a joint stock company, further to answer, what number of shares of stock, if any, or interest, the said defendant owns in said company at the time this writ was served. HEREIN FAIL NOT, but of this Writ make due Return as the law directs." (Emphasis added).

That portion of the form entitled "Notice and Summons", which was not executed, is directed to the garnishee and provides:

"In obedience to the within and foregoing Writ of Garnishment *I do hereby summon and require you to appear* and answer the foregoing writ and in the manner prescribed by law and within the times prescribed in said writ and you are hereby notified that in case you fail to so answer, judgment by default may be rendered against you for the full amount of the relief demanded in the Complaint of the Plaintiff and not merely for the amount that you may owe to the Defendant, and that such judgment may be so rendered in addition to any other matters which may be adjudged against you as prescribed by law.

Dated: _____ 19___

By _____ "
 Deputy Sheriff Constable
(Emphasis added).

In Ware v. Phillips, 77 Wash.2d 879, 468 P.2d 444 (1970) the Supreme Court of Washington was called upon to determine the validity of a "Writ of Garnishment" which, although directed to the garnishee, did not inform him that if he failed to answer, judgment by default might be rendered against him for the full amount of the relief demanded in the complaint of the

plaintiff and not merely for the amount which he owed defendant. The court, in holding that a failure to so notify the garnishee constituted a denial of due process, stated:

"The injustice of penalizing a defaulting garnishee by holding him liable for the debt of the defendant in the main action, without having warned him that this would be his penalty, is apparent when the happier position of the debtor himself is considered. *That defendant must have a summons advising him to appear and answer a claim being asserted against him. He must be advised of the amount of the claim and he must be warned that judgment will be taken against him if he fails to answer."* 468 P.2d at 447. (Emphasis added).

The general rule concerning notice in garnishment proceedings is set forth in 6 Am.Jur.2d Attachment and Garnishment § 335 (1963):

"A writ of garnishment is a summons or process that brings the garnishee into court; and it is generally required by statute that upon the filing of the petition or affidavit in garnishment there be issued to the garnishee, and served upon him, a summons or notice to the effect that he has been summoned as garnishee, is indebted to, or has in his possession or under his control any property belonging to, the defendant. The usual rules in regard to caption and attestation are applied to such summons or notice."

16 Am.Jur.2d Constitutional Law § 562 (1964) further provides:

"To meet the requirements of due process, the notice must be reasonable and adequate for the purpose, due regard being had to the nature of the proceedings and the character of the rights which may be affected by it. It must give sufficient notice of the pendency of the action or proceeding and a reasonable opportunity to a defendant to appear and assert his rights before a tribu-

nal legally constituted to adjudicate such rights. It has been said that to satisfy the constitutional requirement of due process, the notice afforded should be such as is likely to be received and *plain to understand."* (Emphasis added).

In light of the above, we must first address ourselves to appellant's contention that the "Writ of Garnishment" alone is sufficient and that the "Notice and Summons" is mere surplusage and not required. As we have previously stated, the writ is directed to the "Sheriff or any Constable of Pima County" and not to the garnishee. It tells the sheriff or constable "to summon the said garnishee" to appear before the court "within ten days after the service of summons . . .." Furthermore, the writ itself does not contain notification to the garnishee that, if he fails to answer, judgment by default may be rendered against him for the full amount of the relief demanded in the complaint of the plaintiff and not merely for the amount he may owe to the defendant. *See* Ware v. Phillips, supra.

We are constrained to hold that the writ used herein, standing alone, does not meet the due process requirement of notice which must be afforded a garnishee. It tells the garnishee to do nothing; it tells the sheriff to summon the garnishee. A garnishee, if served only with this writ, would logically conclude that he would, in the future, be served with a summons, after which time he would be required to answer. The writ itself specifically states "within ten days after the service of summons."

■ Without the issuance and service upon him of a summons garnishee has not been served with an instrument directing him to appear, and therefore the requirements of due process have not been satisfied. Ronan v. First Nat. Bank, 90 Ariz. 341, 367 P.2d 950 (1962); Hart v. Bayless Inv. & Trading Co., 86 Ariz. 379, 346 P.2d 1101 (1959); Ware v. Phillips, supra. As a garnishment proceeding is an independ-

ent action, Gonzales v. Whitney, supra, we believe that the garnishee, whose property rights stand to be directly affected, must be afforded the same quality of notice as a defendant in any other civil proceeding, i. e., he must be served with a document addressed to him which tells him what he must do. The above writ does not meet this requirement.

■ Appellant also contends that, if a summons directed to garnishee is needed, the "Notice and Summons" appearing below the writ satisfies the requirement even though not executed. We do not agree.

A.R.S. § 12–1574, set forth above, clearly provides that the sheriff or constable shall summon the garnishee to appear. The court in Gonzales v. Whitney, supra, merely applied Ariz.R.Civ.P. 4(c) to the garnishment statutes thus allowing service by private process server. We do not believe that *Gonzales* affected the requirement of A.R.S. § 12–1574 that the sheriff or constable summon the garnishee. Nor do we believe that either *Gonzales* or Ariz.R.Civ. P. 4(a), providing that a summons in a civil action shall be issued by the clerk of the superior court, extended to the clerk the power to summon a garnishee before the court in a garnishment proceeding. Such an interpretation would require complete disregard for the statutory language of A.R.S. § 12–1574.

We are aware that, especially since *Gonzales,* it has been the common ·practice for the writ to be served upon the garnishee without ever having been seen by a sheriff or constable, even though it is directed to them by statute. Realizing that we are faced with an ambiguous statutory scheme, which at one point directs the sheriff or constable to summon the garnishee and at another· provides only for service of the writ upon him, we must, if possible, interpret and apply that scheme in a manner that follows the wording of the statute while at the same time insuring that whatever is sought to be accomplished thereby, here the providing of notice to a garnishee, is done in such a manner that it does not violate either the Arizona or United States Constitution, here the due process clause of the 14th Amendment.

■ While we see no practical need for a sheriff or constable to summon the garnishee, rather than the clerk of the court or justice of the peace, we are faced with the explicit verbiage of A.R.S. § 12–1574 to that effect and it would be improper for this court to change the substance thereof by holding that anyone other than a sheriff or constable may undertake that function.- As we have previously stated, due process requires that the garnishee be given notice addressed to him, telling him what he must do, and informing him of the consequences which may result if he does not answer. It must, then, comply substantially with the summons issued in a civil action, as provided for in Ariz.R.Civ.P. 4(b), however, rather than being issued by the clerk of the court it must, pursuant to A.R.S. § 12–1574, be issued by a sheriff or constable. We therefore hold that the garnishee in a garnishment proceeding must be served with a summons meeting the above requirements and issued by a sheriff or constable in order to satisfy both A.R.S. § 12–1574 and the due process clause of the 14th Amendment. It should be noted that the form used herein, as adopted by the Pima County Bar Association, meets the requirements of the statute and due process, and all that was needed was that the "Notice and Summons" be properly executed.

As in any action where the notice afforded the defendant does not meet the requirements of the statutes or due process, the court was without jurisdiction over the garnishee and any judgment rendered against him therein was void. Ronan v. First Nat. Bank, supra; Hughes v. Industrial Commission, 69 Ariz. 193, 211 P.2d 463 (1949).

Judgment affirmed.

KRUCKER, C. J., concurs.

## APPENDIX A

### In the Superior Court of the State of Arizona

### In and for the County of Pima

No. 118597

SAN FERNANDO MOTORS, INC.,
a Corporation,

PLAINTIFF

vs.

ALVIN ERVIN, d/b/a STANDARD
METALS & SALVAGE, and
LaVERNE. ERVIN, his DEFENDANTs
wife,

LINK FOWLER,

GARNISHEE

WRIT OF GARNISHMENT

AFTER JUDGMENT

NON-EARNINGS

THE STATE OF ARIZONA to the Sheriff or any Constable of Pima
County, State of Arizona:

Whereas, in the above entitled Court, the above entitled plaintiff in the above entitled cause claims an indebtedness against the above entitled defendant in the sum of $ 15,407.89 besides interest and costs of suit, and has applied for a Writ of Garnishment against the person whose name and address appear in the caption hereof as the named garnishee, who is alleged to reside within your County.

Therefore, you are hereby commanded forthwith to summon the said garnishee if he be found within your County, to be and appear before the said Court within ten days after the service of summons, exclusive of the day of service if served within this County, or within twenty days if served outside this County, then and there to answer upon oath what, if anything, said garnishee is indebted to the said defendant at the time this writ was served upon said garnishee, and what effects, if any, of the said defendant were in the possession of the garnishee when this writ was served, and what other persons, if any, within the knowledge of the garnishee, are indebted to the defendant or have effects belonging to the defendant in possession, and if the said garnishee be incorporated or a joint stock company, further to answer, what number of shares of stock, if any, or interest, the said defendant owns in said company at the time this writ was served.
HEREIN FAIL NOT, but of this Writ make due Return as the law directs.

WITNESS my hand and the Seal of the

FRANCES C. GIBBONS
CLERK OF THE SUPERIOR COURT

Superior Court November 2 1970.

BY _LaVerne Roberts_
DEPUTY CLERK

_Warren R. Brock_
ATTORNEY FOR PLAINTIFF

744 West Drachman, Tucson

### NOTICE AND SUMMONS

To the GARNISHEE named in the above caption:

In obedience to the within and foregoing Writ of Garnishment I do hereby summon and require you to appear and answer the foregoing writ and in the manner prescribed by law and within the times prescribed in said writ and you are hereby notified that in case you fail to so answer, judgment by default may be rendered against you for the full amount of the relief demanded in the Complaint of the Plaintiff and not merely for the amount that you may owe to the Defendant, and that such judgment may be so rendered in addition to any other matters which may be adjudged against you as prescribed by law.

Dated: _____ 19__ By _____
DEPUTY SHERIFF CONSTABLE

STATE OF ARIZONA } ss
County of PIMA

### RETURN OF WRIT

I, the undersigned officer, on _____ , 19 , do hereby certify:
(1) That I received the within Writ of Garnishment on _____ , 19 , at m; and
(2) That as commanded in said Writ, I personally served said Writ and summoned the Garnishee named in said Writ by delivering within the above named County within the State of Arizona a true copy of said Writ of Garnishment and Summons on _____ , 19 , at m. to:

Fees $ _____

Travel ____ miles $ _____

Total $ _____

By _____
DEPUTY SHERIFF CONSTABLE

PIMA COUNTY EAR FORM NO 555-A

[744Z]

HATHAWAY, Judge (specially concurring).

Although I agree with the result reached by the majority, I cannot agree with their interpreting A.R.S. § 12–1574 to require that the sheriff or constable issue a summons when the writ issued by the clerk of the court could easily suffice if couched in language to apprise the party to be summoned of the possible consequences of his failure to respond. The useless requirement that the officer traditionally looked to for summonsing by service of the writ, must now issue a summons, serves only to clutter procedure. Courts should strive to streamline where possible and not breathe life into and perpetuate an acknowledged useless procedure which is not required nor intended when the garnishment statutes are considered in their entirety.