545 P.2d 452

**INTERNATIONAL GLASS AND MIRROR, INC., Appellant,**

v.

**BANCO GANADERO Y AGRICOLA, S.A., Appellee.**

**No. 2 CA–CIV 1817.**

Court of Appeals of Arizona, Division 2.

Feb. 6, 1976.

E. Leigh Larson, Nogales, for appellant. Tucson, for appellee.

1. This matter was taken under advisement prior to Judge STEVENS' retirement.

Johnson, Hayes & Dowdall, Ltd. by Richard J. Dowdall and James L. Stroud, Tucson, for appellee.

## OPINION

KRUCKER, Judge.

The order challenged in this appeal is one denying a motion to vacate a default judgment. The basis for the court's ruling was that the motion was not timely made.

■ Briefly, the record reflects the following. On June 2, 1971, appellee obtained a judgment by default against Mr. and Mrs. Martinez in the sum of $5,988.52, together with interest thereon, and attorney's fees in the sum of $870.00. On September 24, 1971, appellee caused issuance of a writ of garnishment, directing the sheriff or any constable to summon appellant. The writ contained no summons or any notification to appellant that if it failed to answer, judgment by default would be entered against it for the foregoing amounts. The writ was served on appellant and when it failed to answer, its default was entered on October 19, 1971, and on November 23, 1971, default judgment was entered in appellee's favor against appellant.

On July 25, 1974, appellant filed a motion to vacate pursuant to Rule 60(c), Rules of Civil Procedure, 16 A.R.S. Appellant claimed the default judgment was void because no summons or notification that its failure to answer would result in a default judgment was served with the writ of garnishment. In support of its position, it relied upon our decision in *San Fernando Motors, Inc. v. Fowler,* 17 Ariz.App. 357, 498 P.2d 169 (1972) wherein we held that the garnishee in a garnishment proceeding must be served with a summons telling him what he must do and informing of the consequences which might result if he did not answer. We stated:

"As in any action where the notice afforded the defendant does not meet the requirements of the statutes or due process, the court was without jurisdiction over the garnishee and any judgment rendered against him therein was void.

[Citations omitted]" 17 Ariz.App. at 361, 498 P.2d at 173.

■ The record clearly reflects that appellant was not given the requisite notice and therefore the default judgment entered against it was void. The "reasonable time" requirement of Rule 60(c), Rules of Civil Procedure, does not apply when a judgment is attacked as void. *Misco Leasing, Inc. v. Vaughn,* 450 F.2d 257 (10th Cir. 1971); *Taft v. Donellan Jerome, Inc.,* 407 F.2d 807 (7th Cir. 1969); *Bookout v. Beck,* 354 F.2d 823 (9th Cir. 1965); *State v. Romero,* 76 N.M. 449, 415 P.2d 837 (1966). In *Crosby v. Bradstreet Co.,* 312 F.2d 483 (2d Cir. 1963), cert. den., 373 U.S. 911, 83 S.Ct. 1300, 10 L.Ed.2d 412 (1963), a judgment was vacated as void. 30 years after its entry and in *United States v. Williams,* 109 F.Supp. 456 (W.D. Ark. 1952) a delay of 22 years did not bar relief.

■ We likewise find no merit in appellee's assertion of laches since a void judgment cannot acquire validity because of laches. *Misco Leasing, Inc.,* supra; *Austin v. Smith,* 114 U.S.App.D.C. 97, 312 F.2d 337 (1962). Appellee's attempt to support the lower court's ruling on the ground that appellant had failed to support its motion with a showing of a meritorious defense is futile since such showing is not required when a judgment is void. 11 Wright and Miller, Federal Practice and Procedure § 2862. Nor was there any ratification because of appellant's negotiations with respect to payment—an admission against interest does not confer jurisdiction. *Misco Leasing, Inc.,* supra; *Land Manufacturing, Inc. v. Highland Park State Bank,* 205 Kan. 526, 470 P.2d 782 (1970).

Since the invalidity of the default judgment against appellant was apparent on the face of the record, the lower court had no discretion and was required to vacate it. We therefore reverse and remand for further proceedings consistent herewith.

HOWARD, C. J., and HATHAWAY, J., concur.