**526**

601 P.2d 289

**Thomas E. FREELAND, Appellant,**

v.

**Viola GREEN, Appellee.**

**No. 1 CA–CIV 3745.**

Court of Appeals of Arizona,
Division 1, Department A.

Oct. 5, 1978.

Rehearing Denied Dec. 8, 1978.

Review Denied Jan. 3, 1979.

Law Offices of Jack C. Warner by Jack C. Warner, Phoenix, for appellant.

Harold Riddel, Phoenix, for appellee.

## OPINION

FROEB, Chief Judge.

Woodrow Green owed Viola Green $7160.00 for support stemming from their divorce. In an effort to collect upon her judgment in this sum, she brought garnishment proceedings in 1971 against Woodrow Green's employer, Thomas E. Freeland. The result of this effort was a default judgment on January 20, 1972, in favor of Viola Green and against Freeland for $7160.00 plus interest and costs. In response to efforts by Viola Green to enforce the judgment, Freeland filed a motion on August 27, 1976, to set aside the default and the judgment and to stay further proceedings. The trial court denied the motion and Freeland appeals on the ground that the judgment against him is void.

There were two separate garnishments preceding the judgment. The first writ of garnishment was issued by the clerk of the superior court on November 24, 1971, and duly served on Freeland on December 2, 1971. The second writ was issued on December 15, 1971, and duly served on December 30, 1971. There is no issue as to the issuance or service of the writs. There is, however, a crucial question as to the notice they gave Freeland.

A printed form then in use was used for both writs. Each showed the correct caption and number of the Green divorce case and was directed to the sheriff or any constable of Maricopa County commanding them to summon Freeland "to be and appear before the said Court within ten days after service of this writ . . . and there to answer upon oath what, if anything he is indebted to the said Defendant, and was when this writ was served upon him . . . ." In large letters, the writs concluded by stating "Herein fail not, but of this writ make due return as the law directs." Nothing contained in the writs gave notice to Freeland what the consequences would be should he fail to so respond.

Acting without an attorney, Freeland did attempt to answer, but did so incorrectly.

To the first writ he responded by unsworn letter filed with the clerk, stating only that "[w]e were indebted to Woodrow Green in the amount of 298.00 at time of service. We are withholding 48.00 of this amount . . . ." Freeland answered the second writ by unsworn letter filed with the clerk stating "[w]e are withholding 48.00 from Mr. Woodrow Greens check this week as per law; please inform us as to whom to make check payable & where to send it."

Through her attorney, Viola Green filed affidavits of default against Freeland on both writs and caused the clerk to enter defaults of record as to each.[1]

On January 14, 1972, the attorney for Viola Green filed a document entitled "Notice of Intent to Take Default Judgment" addressed to Freeland and mailed on the same date. It stated:

> YOU ARE HEREBY NOTIFIED that pursuant to the provisions of Rule 55(b), Arizona Rules of Civil Procedure, plaintiff herein, at any time after the expiration of three (3) days from the date of service of this Notice, will take judgment against you on Writs of Garnishment served upon you in this matter on the 2nd day of December, 1971 and on the 30th day of December, 1971, you having failed to answer said Writs of Garnishment as required by law, and your default for having failed to answer said Writs having been heretofore entered herein.

On January 20, 1972, the default judgment challenged on this appeal was taken before a court commissioner and written findings of fact, conclusions of law, and judgment were signed and filed.

Freeland's affidavits, attached to his motion to set aside, state in substance that he did not become aware of the judgment until the sheriff sought to levy execution against him; that he was unfamiliar with the legal processes connected with writs of garnishment; that there was nothing in the writs of garnishment served upon him that informed him what the consequences would be if he failed to comply with the writs; and that the notice of default hearing received by him failed to give him any information concerning the time or place for the hearing. Freeland stated that he had no idea that he could be liable for the full amount of Green's debt to his former wife.

Freeland challenges the judgment on two main grounds, both of which are asserted pursuant to 16 A.R.S., Rules of Civil Procedure, Rule 60(c)4.[2] The first is that the notice of default hearing was insufficient because (1) the hearing was held before the expiration of three days provided by Rules of Civil Procedure, Rule 55(b), and (2) it failed to state where, when, and before whom the hearing would be held. The second ground relates to the writ of garnishment itself. Freeland argues that the writ, which was the only paper served upon him, failed to inform him as to the liability which would be imposed on him if he failed to answer. While the first ground raises notable questions as to the validity of the judgment, we find the second ground meritorious and resolve the case on this basis.

The question before us is whether the requirements of due process of law have been satisfied. The format of the writs of garnishment here involved is a written process directed to the sheriff. It commanded Freeland's response, but it failed to give any indication of the consequences which would flow from his failure to respond. The fact that Freeland entered his "appearance" by reason of his correspondence to the clerk, does not eliminate the

---

1. There is no issue here as to the propriety of the entries of default. The parties concede that the letters constituted an "appearance" by Freeland under *McClintock v. Serv-us Bakers,* 103 Ariz. 72, 436 P.2d 891 (1968). Since the letters submitted Freeland to the jurisdiction of the court, he became entitled to the notice provisions of Rule 55(b) of the Rules of Civil Procedure.

2. This is relief based upon the ground that the judgment is void. The rule provides that the motion must be filed within a reasonable time. Viola Green argues that the more than four years between the date of judgment and the motion to set it aside is not reasonable. We reject this on the authority of *Wells v. Valley National Bank of Arizona,* 109 Ariz. 345, 509 P.2d 615 (1973).

due process requirement of notice inherent in the claim being asserted against him. For this reason, the writ of garnishment was fatally defective and, therefore, the resulting default judgment is void. *San Fernando Motors, Inc. v. Fowler,* 17 Ariz. App. 357, 498 P.2d 169 (1972); *Ware v. Phillips,* 77 Wash.2d 879, 468 P.2d 444 (1970).

The requirement of notice can be found in the garnishment statutes themselves, as is pointed out in *San Fernando Motors, Inc. v. Fowler,* A.R.S. § 12–1574 provides that the garnishee be *summoned* to appear. Rules of Civil Procedure, Rule 4(b), sets forth the required contents of a summons and states particularly that it "shall notify [the party upon whom it is served] that in case of his failure [to appear and defend] judgment by default will be rendered against him for the relief demanded in the complaint." Moreover, Rules of Civil Procedure, Rule 8(a), relating to general rules of pleading, requires that a claim for relief shall contain a "demand for judgment for the relief to which he deems himself entitled." The writ of garnishment served in this case wholly fails to satisfy these requirements.

For the reasons stated, we hold that the failure to comply with the requirements of due process of law renders the judgment and entry of default void. The trial court is, therefore, directed to set them aside.

HAIRE, P. J., and DONOFRIO, J., concur.