**Jacqueline D. FUNK, Plaintiff and Appellant,**

v.

**UTAH STATE TAX COMMISSION, Defendant and Appellee.**

No. 910196.

Supreme Court of Utah.

June 30, 1992.

Michael E. Bulson, Judith Mayorga, Salt Lake City, for Jacqueline Funk.

R. Paul Van Dam, Clark L. Snelson, Salt Lake City, for Utah State Tax Com'n.

STEWART, Justice:

Plaintiff appeals from a district court order granting a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Utah Rules of Civil Procedure. We affirm.

We take the facts alleged in the complaint as true. In 1989, First Security Bank obtained a judgment of approximately $1,800 against plaintiff Jacqueline Funk. Pursuant to its judgment, First Security obtained a writ of garnishment that directed the Utah State Tax Commission to attach plaintiff's 1989 state tax refund of $75.30 and pay it to First Security. Over plaintiff's protest, the Tax Commission complied with the writ of garnishment and paid the entire refund to First Security.

Plaintiff filed this action in the district court, seeking injunctive and declaratory relief regarding the State Tax Commission's practice of releasing tax refunds to judgment creditors pursuant to a writ of garnishment. The complaint set forth two grounds for relief. First, it alleged that the Tax Commission, as a political subdivision of the state, is immune from garnishment proceedings because there is an absence of specific legislative authorization. Therefore the Commission violated state law by complying with First Security's writ of garnishment. Second, the complaint alleged that even if the Commission is not immune from garnishment proceedings, plaintiff's rights under federal and state law were violated by turning the entire refund over to First Security because state tax refunds retain their status as earned income and, as such, are wholly or partially exempt from garnishment under Rule 64D(d)(viii) of the Utah Rules of Civil Procedure and 15 U.S.C. § 1673(a) (1988).

The Commission responded to the complaint with a motion to dismiss for failure to state a claim upon which relief could be granted. The district court granted the

Commission's motion on the grounds that (1) Utah Code Ann. § 78–27–15 (1987) authorizes the State to respond to the garnishment of a nonstate employee's tax refunds and (2) tax refunds do not constitute "disposable earnings" and therefore are not subject to the limitations found in Rule 64D(d)(viii) and 15 U.S.C. § 1673(a). Plaintiff appeals from the district court's dismissal.

We first address whether the district court correctly held that Utah Code Ann. § 78–27–15 authorizes the State to comply with a writ of garnishment on a nonstate employee's tax refund. Section 78–27–15 is entitled "Salaries of public officers subject to garnishment" and provides:

> The state of Utah, any county, city, town, district, board of education or other subdivision of the state, and any officer, board or institution, having in its possession or under its control any credits or other personal property of, or owing any debt to, the defendant in any action, whether as salary or wages, as a public official or employee, or otherwise, shall be subject to attachment, garnishment and execution under such rights, remedies and procedure as are or may be made applicable to attachment, garnishment and execution, respectively, in other cases, except as in the next section [§ 78–27–16 [1]] provided.

■ Plaintiff argues that this section authorizes the State to comply with garnishments only against public employees, not nonpublic employees. She submits that "public official or employee" clearly modifies "the defendant in any action." Plaintiff, however, fails to take into account the words "or otherwise" following "public official or employee." If the statute were intended to apply only to public employees, there would be no need to add "or otherwise." The "or otherwise" language and the phrase "the defendant in any action" indicate that the legislature intended the statute to have broad application.

■ Plaintiff next argues that the caption of the statute supports her interpretation. The title or caption of a statute, however, is not part of the statute's text. *See Young v. Barney*, 20 Utah 2d 108, 433 P.2d 846, 847 (1967). Although this Court has previously looked to captions to aid in the ascertainment of a statute's intent, we have only done so in cases of ambiguous statutory language. *Id.*; *see also American Elec. Power Serv. Corp. v. State*, 619 P.2d 314, 315 (Utah 1980). In any event, the caption here is clearly narrower than the plain language of the statute. The caption refers only to salaries as being subject to garnishment, while the text refers to salaries, wages, credits, personal property, and debts.

Finally, plaintiff relies on *State v. Allred*, 102 Ariz. 102, 425 P.2d 572 (1967). In *Allred*, the Arizona Supreme Court held that the state's racing commission was not subject to a garnishment proceeding because the legislature had only authorized the garnishment of wages of state employees or officials. That case, however, is distinguishable because it involved the construction of a significantly different statute. The statute in *Allred* provided:

> The salaries of officers, deputies, clerks and employees of the state or its political subdivisions shall be subject to garnishment as provided in this article, and such garnishment shall not be construed as against public policy.

Ariz.Rev.Stat.Ann. § 12–1601 (1988). Unlike § 78–27–15, the Arizona statute specifically states that "the salaries of officers ... and employees of the state" are subject to garnishment. It does not enumerate other types of property subject to garnishment, such as credits and debts, nor does it contain such broad language as "any defendant" or "or otherwise." In short, the language of § 78–27–15 is drafted more broadly and encompasses a wider range of whose and what property in the possession of the state is subject to garnishment. Thus, plaintiff's reliance on *Allred* is misplaced.

1. Section 78–27–16 provides that the garnishment shall be served only upon the auditor of the legal subdivision garnished, or the clerk if there is no auditor, and that the answer of the auditor or clerk shall be final and conclusive.

Although the legislature can limit how and when the state may be subject to garnishment, in the statute at issue it has opted to allow broad rights of garnishment. In sum, § 78–27–15 authorizes the Commission to comply with a writ of garnishment of a state tax refund owing to nonpublic employees.

■ We now turn to plaintiff's claim that a state tax refund constitutes "disposable earnings" under Rule 64D(d)(viii) and 15 U.S.C. § 1673(a) and is therefore wholly or partially exempt from garnishment.

Both the Consumer Credit Protection Act ("CCPA") and the Utah Rules of Civil Procedure limit the amount of an individual's earnings subject to garnishment to a percentage of disposable earnings. 15 U.S.C. § 1673(a); Utah R.Civ.P. 64D(d)(viii). Each defines "earnings" as compensation paid for personal services, "whether denominated as wages, salary, commission, bonus, or otherwise." § 1672(a); Rule 64D(d)(vii). "Disposable earnings" are in turn defined as the earnings of an individual remaining after the deduction of amounts required by law to be withheld. § 1672(b); Rule 64D(d)(vii).[2]

Plaintiff argues that her tax refund constitutes disposable earnings because the source of the refund is wages and the refund is not subject to reduction for taxes. We disagree. The purpose of the CCPA is to protect debtors and preserve their employment from the consequences of harsh garnishment practices that might have the effect of driving honest debtors into bankruptcy. *Kokoszka v. Belford,* 417 U.S. 642, 651, 94 S.Ct. 2431, 2436, 41 L.Ed.2d 374 (1974). The CCPA was enacted "to regulate garnishment in its usual sense as a levy on periodic payments of compensation needed to support the wage earner and his family on a week-to-week, month-to-month basis." *Id.* Its protection, however, does not extend to federal income tax refunds because of the nonperiodic nature of tax returns. *Id.*

Plaintiff attempts to distinguish *Kokoszka* on the ground that it involved a bankruptcy trustee, whereas this case involves a private creditor. The Supreme Court's analysis regarding the applicability of the CCPA to a federal tax refund, however, did not turn on whether the creditor was a bankruptcy trustee or a private creditor. Rather, it turned on the nonperiodic nature of tax returns. That nature remains the same, regardless of the status of the creditor.

The *Kokoszka* rationale regarding the CCPA applies equally to the almost identical language of Rule 64D(d)(vii). Wage earners generally do not rely on tax refunds as a means of support to the same extent that they rely on periodic payments of compensation. A tax refund's amount and availability vary from year to year and the expectation of receiving a refund develops only after preparing a return early in the year. Most people do not budget tax refunds into their regular living expenses. Thus, allowing garnishment of an entire tax refund by creditors would not place the type of hardship on a debtor that Rule 64D and the CCPA seek to avoid.

Since a state tax refund does not constitute disposable earnings for purposes of the CCPA and Rule 64D, it is not subject to the limitations on garnishment contained in those provisions.

Affirmed.

HALL, C.J., HOWE, Associate C.J., and DURHAM and ZIMMERMAN, JJ., concur.

---

**2.** Although the CCPA and the Utah Rules of Civil Procedure use slightly different wording, their definitions for "disposable earnings" are essentially the same. The CCPA defines them as "the earnings of an individual remaining after the deduction from those earnings or any amounts by law to be withheld." Rule 64D defines them as "that part of a defendant's earnings remaining after the deduction of all amounts required by law to be withheld."