[Civ. No. 45773. Second Dist., Div. One. Dec. 12, 1975.]

CATERPILLAR TRACTOR COMPANY, Plaintiff and Respondent, v. TELEDYNE INDUSTRIES, INC. Defendant and Appellant.

694

▮▮▮▮▮▮▮▮▮▮▮▮▮▮

## COUNSEL

Brill, Hunt, Debuys & Burby and Michael T. Fox for Defendant and Appellant.

Pillsbury, Madison & Sutro, Noble K. Gregory, William I. Edlund, K. Phillip Knierim, Ball, Hunt, Hart, Brown & Baerwitz and Albert H. Ebright for Plaintiff and Respondent.

OPINION

HANSON, J.—

## INTRODUCTION

This is an appeal by one joint tortfeasor from a summary judgment for contribution entered in favor of another joint tortfeasor pursuant to Code of Civil Procedure section 875, where the joint judgment against them stems from a foreign jurisdiction (Florida).

This is a case of first impression.

## BACKGROUND

Teledyne Industries, Inc. (hereinafter TELEDYNE) and Caterpillar Tractor Co. (hereinafter CATERPILLAR) are both California corporations. Marine Acoustical Services, Inc. (hereinafter MARINE) owned and operated an oceanic research vessel, the R/V F. V. HUNT, which engaged in seismic profiling of the ocean floor of the Pacific Ocean. This vessel used two diesel electric generator "sets" manufactured by CATERPILLAR and a system to take seismic profiles manufactured by TELEDYNE. While the vessel was operating in the Pacific several massive failures in the generator-profiler system occurred and the vessel was forced to lay over for repairs in several Pacific ports.

MARINE brought an action for damages against TELEDYNE and CATERPILLAR in the federal district court in Florida. That court awarded MARINE money damages for lost charter revenue and repair costs which resulted from the combined fault of TELEDYNE and CATERPILLAR. Thereafter, CATERPILLAR paid the entire judgment plus TELEDYNE's share of the costs; TELEDYNE refused to pay anything.

On February 5, 1974, CATERPILLAR instituted the present action seeking contribution from TELEDYNE as a joint tortfeasor. The amount of TELEDYNE's share of the satisfied judgment and court costs was stipulated

in this action.[1] The superior court entered summary judgment in favor of CATERPILLAR, and TELEDYNE has appealed.

## ISSUES

The determinative questions to be answered are (1) whether or not the principles of conflicts of laws operate to preclude recovery in the case at bench, and (2) whether or not the California Legislature intended to permit an independent action for contribution based on a foreign judgment when it enacted Code of Civil Procedure section 875.

## DISCUSSION

*Do the principles of conflicts of laws operate to preclude recovery?* No.

California law provides an action for contribution. Code of Civil Procedure section 875 provides in pertinent part:

"(a) Where a money judgment has been rendered jointly against two or more defendants in a tort action there shall be a right of contribution among them as hereinafter provided.

"(b) Such right of contribution shall be administered in accordance with the principles of equity.

"(c) Such right of contribution may be enforced only after one tortfeasor has, by payment, discharged the joint judgment or has paid more than his pro rata share thereof. It shall be limited to the excess so paid over the pro rata share of the person so paying and in no event shall any tortfeasor be compelled to make contribution beyond his own pro rata share of the entire judgment.

"    .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

---

[1]TELEDYNE filed an application to have this court make changes in the clerk's transcript on appeal as to the amount of the judgment on the theory that there must have been error in the findings, conclusions and judgment of the United States District Court for the Southern District of Florida which was relied upon by the Los Angeles Superior Court in California. We note that the trial court is bound to give full faith and credit to the Florida judgment (*Caterpillar Tractor Co.* v. *International Harvester Co.* (3d Cir. 1941) 120 F.2d 82, 85), and inasmuch as the amount of TELEDYNE'S share of the satisfied judgment was stipulated to and respondent CATERPILLAR has filed papers in opposition to granting the application, the request for correction of findings and computations of the Florida court is not properly a matter for our consideration.

"(g) This title shall not impair the right of a plaintiff to satisfy a judgment in full as against any tortfeasor judgment debtor."

Thus, the right to contribution arises after a money judgment has been entered against two or more joint tortfeasors. (*Hudson* v. *Hutchason,* 171 Cal.App.2d Supp. 869 [340 P.2d 756].)

Clearly, Florida law was controlling with respect to the original action before the federal district court brought by MARINE, a Florida company, with respect to the negligence issues there presented. We deal, however, with a question extraneous to reimbursement to the party injured.

In the case at bench both CATERPILLAR and TELEDYNE are businesses incorporated in the State of California, and CATERPILLAR's action for right of contribution and judgment are bottomed on Code of Civil Procedure section 875, set out above. TELEDYNE, on appeal, asserts that since no right of contribution existed in Florida (*Issen* v. *Lincenberg* (Fla.App. 1974) 293 So.2d 777, 778) at the time judgment was entered in the federal court,[2] that Florida law should control to bar CATERPILLAR in its California action for contribution. This presents a conflict of laws as between California and Florida.

California courts, in resolving conflict of law issues, apply the "governmental interests" rule which requires an analysis of the respective interests of the states involved. (*Hurtado* v. *Superior Court,* 11 Cal.3d 574 [114 Cal.Rptr. 106, 522 P.2d 666].)

Insofar as plaintiffs are concerned, the State of Florida undoubtedly is interested in insuring that those injured or damaged by tortious conduct receive just compensation from tortfeasors proximately causing injury or damages. MARINE (plaintiff in the federal court applying Florida state law) had its judgment against CATERPILLAR and TELEDYNE, fully satisfied by CATERPILLAR, and MARINE is not a party to the California action for contribution.

Insofar as CATERPILLAR and TELEDYNE are concerned (defendants in the federal court applying Florida state law), Florida was undoubtedly interested in the satisfaction of MARINE's judgment to make MARINE whole and as a deterrent to future tortious conduct. The absence of a

---

[2]During oral argument on appeal on November 25, 1975, counsel for appellant advised the court the State of Florida law has recently provided for a right of contribution.

right to contribution under Florida law at the time judgment was entered in the federal court fails to establish that Florida had any positive interest in controlling a contribution as between two California corporations. ■ Moreover, in California, "The statutory system for contribution does not concern the relationship of tortfeasors to the one injured but deals with the relationship of tortfeasors to each other when, after entry of judgment,. one of them discharges the common liability." (*Augustus* v. *Bean,* 56 Cal.2d 270, 272 [14 Cal.Rptr. 641, 363 P.2d 873].) ■ There is thus no true conflict between the California and Florida law of contribution in the context of the case at bench. Since Florida has no governmental interest in the application of a rule of contribution to two non-Florida corporations while California has an interest in the principle as applied to two California corporations, California law must be applied.

Accordingly, we conclude the contacts with California in the present case are sufficient to support the application of its law.

■ *Did the California Legislature intend to permit an independent action for contribution based on a foreign judgment when it enacted Code of Civil Procedure section 875?* Yes.

Defendant TELEDYNE in the instant case urges that section 875 provides a limited right of contribution, citing *Winzler & Kelly* v. *Superior Court,* 48 Cal.App.3d 385 [122 Cal.Rptr. 259], and that the California Legislature intended that section 875 et seq. be limited to a motion in a main action in California courts only. We disagree.

We construe the language of "a limited right of contribution," referred to in the *Winzler* case to pertain to the "et seq." sections, namely, sections 876, 877 and 878. While sections 876 and 877 pertain to the determination of pro rata share and the effect of the release of one or more tortfeasors upon the liability of the other, section 878 provides in pertinent part: "Judgment for contribution *may* be entered by one tortfeasor judgment debtor against other tortfeasor judgment debtors by motion upon notice. . . ." (Italics added.)

Current California case law does not limit the right of contribution to a single action in California but applies in a bifurcated trial situation. In *Halpin* v. *Superior Court,* 14 Cal.App.3d 530 [92 Cal.Rptr. 329], cert. den., 404 U.S. 832 [30 L.Ed.2d 62, 92 S.Ct. 79], the court at page 543 stated: "We have no doubt, however, that the Legislature intended by the statute a

comprehensive scheme of contribution between joint tortfeasors (after they have been judicially declared to be such) and intended that scheme to be operative in a *bifurcated* trial situation as well as in the conventional single trial." (Italics added.)

Moreover, in section 878 *(supra)* the Legislature employed the word "may," permissive in character, and not the word "must," directive in character. We assume the Legislature knew the difference and intended what they said.

Accordingly, we conclude that the California Legislature in enacting the right of contribution statute (§ 875 et seq.) intended "a comprehensive scheme of contribution" based on broad equity principles and fairness where each tortfeasor pays either an equal or a proportionate share of the loss. The statute thus poses two faces—substantive insofar as it creates a cause of action for contribution against a joint tortfeasor and procedural insofar as it conditions said cause of action upon the existence of a prior joint judgment. Since the language of the statute does not limit it to California actions in chief, we conclude the Legislature intended it to be equally operative, as here, to a foreign judgment. Applying the "plain language" test, we assume that the Legislature intended what it said and didn't say.

Since the matter at bench was submitted on agreed facts, CATERPILLAR'S motion for summary judgment is sufficient. (*Burke Concrete Accessories, Inc.* v. *Superior Court,* 8 Cal.App.3d 773, 775 [87 Cal.Rptr. 619].)

## DISPOSITION

The judgment is affirmed.

Lillie, Acting P. J., and Thompson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 5, 1976.