893 P.2d 1295

**PAM TRANSPORT, an Arkansas corporation, Andrew Mertyris, Plaintiffs–Appellants,**

v.

**FREIGHTLINER CORPORATION, a Delaware corporation, TRW Ross Gear, a division of TRW Inc., an Ohio corporation, John Does I–X, Black Corporations I–X and White Partnerships I–X, Defendants–Appellees.**

No. CV–94–0074–CQ.

Supreme Court of Arizona.

April 27, 1995.

Struckmeyer and Wilson by Donald R. Wilson and William G. Caravetta, Phoenix, for appellants.

Bowman & Brooke by David C. Auther and Christine L. Meyer, Phoenix, for appellee Freightliner Corp.

Fennemore Craig by Paul J. Mooney and Timothy Berg, Phoenix, for appellee TRW Ross Gear.

OPINION

ZLAKET, Justice.

On November 28, 1988, in the course and scope of his employment with PAM Transport, appellant Andrew Mertyris was driving a 1989 Freightliner tractor-truck when it collided with another vehicle. The other driver, Grady Ashcraft, died as a result of the accident. His survivors filed suit against Mertyris and PAM Transport. Appellees Freightliner and TRW Ross Gear, the manufacturer of certain truck parts, were not parties to the litigation.

■ In March of 1991, appellants settled the claim by paying $985,000 to Ashcraft's survivors. The settlement expressly extinguished the liability of appellants and all other firms or corporations responsible for the death. Thereafter, appellants sought contribution from appellees pursuant to A.R.S. § 12–2501. The United States District Court dismissed the action on the ground that A.R.S. § 12–2506, which abolished joint and several liability, precluded

contribution. On appeal, the Ninth Circuit Court of Appeals certified the following question to this court:

> Under Arizona law, has A.R.S. § 12–2506 abolished the right of a tortfeasor to contribution from another tortfeasor under A.R.S. § 12–2501 when, before any apportionment of fault by a trier of fact, that tortfeasor settles any and all claims arising out of an accident?

We have jurisdiction pursuant to Ariz. Const. art. VI, § 5(6), A.R.S. § 12–1861, and Ariz. R.Sup.Ct. Rule 27.

Our answer to the question is that the legislature has eliminated the right of contribution where a settling defendant's liability is "several only." A.R.S. § 12–2506(D).[1] The result is different in those limited situations in which joint liability survives. This conclusion is supported by the express language of the statute and by the case law.

A.R.S. § 12–2501 permits contribution to joint tortfeasors who have paid more than their pro rata shares of liability for an injury. This right applies even if such payments are made by only some tortfeasors, as long as the settlement also extinguishes the liability of the others and is reasonable. *See* § 12–2501(D). Section 12–2503(A) allows enforcement of contribution by separate action. Thus, such a claim would likely be available to appellants if they and appellees had been jointly and severally liable for Ashcraft's death, because the settlement extinguished everyone's liability.

In 1987, however, joint and several liability was almost completely abolished. *See* A.R.S. § 12–2506(A). Thereafter, defendants could be held liable only according to their respective percentages of fault. *Id.* Certain exceptions are listed in § 12–2506(D), *see supra* note 1, and subsection (E) provides that *"[i]f a defendant is found jointly and severally liable pursuant to subsection D, the defendant has the right to contribution pursuant to this chapter."* (Emphasis added.)[2]

■ The statutory intent is clear. Moreover, two principles of construction support our conclusion that contribution is precluded where defendants are not jointly and severally liable. First, if a statute specifies under what conditions it is effective, we can ordinarily infer that it excludes all others. *See, e.g., State v. Allred,* 102 Ariz. 102, 103–04, 425 P.2d 572, 573–74 (1967) (applying the doctrine of *expressio unius est exclusio alterius*).[3] Here, subsection (E) provides that contribution is allowed *if* defendants are jointly and severally liable. We can assume, therefore, that it is *not* permitted among defendants who are not subject to such liability. Second, we attempt to give "meaningful operation" to all provisions of a statute. *See, e.g., Wyatt v. Wehmueller,* 167 Ariz. 281, 284, 806 P.2d 870, 873 (1991). If contribution were still permitted whether or not defendants were jointly and severally liable, subsection (E) would be unnecessary.

This result is consistent with previous decisions. Most recently, the court of appeals decided that where there is no joint and several liability, "there is no right of contribution when a single tortfeasor settles a plaintiff's claim against him." *Cella Barr Assocs., Inc. v. Cohen,* 177 Ariz. 480, 484–85, 868 P.2d 1063, 1067–68 (App.1994) (issued after briefing and oral argument of this case in the Ninth Circuit Court of Appeals). We agree, having indicated in previous opinions

---

1. The liability of each defendant is several only and is not joint, except that:

    1. A party is responsible for the fault of another person, or for payment of the proportionate share of another person, if both the party and the other person were acting in concert or if the other person was acting as an agent or servant of the party.
    2. Nothing in [§ 12–2506] prohibits the imposition of joint and several liability in a cause of action relating to hazardous wastes or substances or solid waste disposal sites.

    A.R.S. § 12–2506(D).

2. Subsection (E) undermines appellants' argument that if contribution were no longer permitted in cases other than those involving joint and several liability, A.R.S. § 12–2501 and § 12–2503 would be superfluous. These sections still apply to cases that fall within the § 12–2506(D) exceptions to the abrogation of joint and several liability.

3. Appellants' attempt to distinguish *Allred* on the ground that it involved a garnishment action whereas this case deals with a contribution claim falls short of the mark.

that contribution is unnecessary in the absence of joint and several liability. *Dietz v. General Elec. Co.,* 169 Ariz. 505, 510, 821 P.2d 166, 171 (1991); *City of Tucson v. Superior Court,* 165 Ariz. 236, 240 n. 2, 798 P.2d 374, 378 n. 2 (1990). Contribution is intended to prevent plaintiffs from forcing one defendant to bear the entire burden of damages "according to the accident of a successful levy of execution, the existence of liability insurance, the plaintiff's whim or spite, or his collusion with the other wrongdoer." William L. Prosser, *Law of Torts* § 50, at 307 (4th ed. 1971). Once joint liability is eliminated, defendants are no longer subject to judgments exceeding their respective shares of damages. Plaintiffs' unilateral actions cannot cause total liability to be imposed on any one defendant. Thus, the primary reason for contribution disappears.

Appellants argue that in *Parker v. Vanell,* 170 Ariz. 350, 353, 824 P.2d 746, 749 (1992), we implied that a right of contribution would continue to exist in cases involving "common liability" among multiple defendants even after the abrogation of joint and several liability. To the extent such an implication may be found in that opinion's dicta, we now disapprove it. The holding in *Parker* was clearly stated more than once and is completely consistent with our decision today: "common liability" refers to "the dollar amount shared by *joint tortfeasors* for which they were legally answerable." *Id.* at 352, 354, 824 P.2d at 748, 750 (emphasis added).

FELDMAN, C.J., MOELLER, V.C.J., and CORCORAN and MARTONE, JJ., concur.