57 F.3d 746
 PAM TRANSPORT, an Arkansas corporation; Andrew Mertyris,
Plaintiffs-Appellants,
v.
FREIGHTLINER CORPORATION, a Delaware corporation; TRW Ross
Gear, a division of TRW, Inc., an Ohio corporation; John
Does I through X; Black Corporations I through X; White
Partnerships I through X, Defendants-Appellees.
 No. 92-16059.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Nov. 1, 1993.
Submission Withdrawn May 23, 1994.
Resubmitted May 8, 1995.
Decided June 9, 1995.
 
 1
 William G. Caravetta and Donald R. Wilson, Struckmeyer & Wilson, Phoenix, AZ, for plaintiffs-appellants.
 
 
 2
 Paul J. Mooney, E.J. Kotalik, Jr., Fennemore Craig and David C. Auther, Bowman & Brooke, Phoenix, AZ, for defendants-appellees.
 
 
 3
 Appeal from the United States District Court for the District of Arizona.
 
 
 4
 Before: KOZINSKI and O'SCANNLAIN, Circuit Judges, and KELLEHER,* District Judge.
 
 KELLEHER, District Judge:
 
 5
 PAM Transport and Andrew Mertyris appeal from the district court's order granting Freightliner Corporation's motion for judgment on the pleadings. Based on the response of the Arizona Supreme Court to our certified question, we affirm.
 
 
 6
 * On November 28, 1988, Plaintiff/Appellant Andrew Mertyris was operating a 1989 Freightliner tractor truck in the scope of his employment with Plaintiff/Appellant PAM Transport when he was involved in a collision with a vehicle owned by the Arizona Department of Transportation. This collision resulted in the death of the driver of that vehicle, Grady Harold Ashcraft.
 
 
 7
 Litigation ensued between the survivors of decedent Ashcraft and Appellants herein (the "Ashcraft Litigation"). This litigation was filed in September of 1989. Appellees were not parties to the Ashcraft Litigation. In March of 1991, Appellants settled the Ashcraft Litigation and paid to the survivors of decedent Ashcraft the sum of $985,000. Such sum extinguished the liability of Appellants herein and all other firms or corporations, including Appellees, to the survivors of decedent Ashcraft. Appellants then initiated the instant action seeking contribution from Appellees pursuant to A.R.S. Sec. 12-2501.
 
 II
 
 8
 The United States District Court granted Appellees's motion for judgment on the pleadings on the ground that A.R.S. Sec. 12-2506, which abolished joint and several liability, precluded contribution. We certified the following question to the Arizona Supreme Court:
 
 
 9
 Under Arizona law, has A.R.S. Sec. 12-2506 abolished the right of a tortfeasor to contribution from another tortfeasor under A.R.S. Sec. 12-2501 when, before any apportionment of fault by a trier of fact, that tortfeasor settles any and all claims arising out of an accident?
 
 
 10
 The Arizona Supreme Court accepted jurisdiction, pursuant to section 5(6) of Article VI of the Arizona Constitution, Arizona Revised Statute section 12-1861, and Arizona Rule of the Supreme Court 27, and answered. See PAM Transport v. Freightliner, 893 P.2d 1295 (Ariz.1995).
 
 III
 
 11
 The Arizona Supreme Court set forth an extensive analysis deciding the question posed based on the facts as recited in our certification order. It is now apparent that under Arizona's statutory scheme, contribution may not be sought where the defendants' liability is several only. See PAM Transport, supra at 1296. Contribution is permitted to joint tortfeasors who have paid more than their pro rata shares of liability "as long as the settlement also extinguishes the liability of the others and is reasonable." See id. Arizona has abolished joint liability in almost all cases. See A.R.S. Sec. 12-2506(D) (preserving joint and several liability for hazardous waste disposal and for tortfeasors acting in concert or pursuant to agent relationship). Because neither of the exceptions in A.R.S. Sec. 12-2506(D) applies here, Appellants may not seek contribution against Appellees.
 
 
 12
 We affirm the order of the district court granting Freightliner's motion for judgment on the pleadings and remand for any further proceedings consistent with this opinion.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The Honorable Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation