931 P.2d 1126

BILL ALEXANDER FORD, LINCOLN MERCURY, INC., an Arizona corporation, Defendant, Third–Party Plaintiff, Counterdefendant–Appellee,

and

Tate Motor Company, d/b/a Tate Ford & Mercury Company, an Arizona corporation, Third–Party Defendant, Cross Defendant–Appellee,

v.

CASA FORD, INC., a Texas corporation, Third–Party Defendant, Cross–Claimant, Counterclaimant–Appellant.

No. 1 CA–CV 95–0399.

Court of Appeals of Arizona, Division 1, Department B.

Aug. 13, 1996.

Review Denied Feb. 26, 1997.*

---

* Jones, V.C.J., of the Supreme Court, recused himself and did not participate in the determination of this matter.

Jennings, Strouss & Salmon, P.L.C. by Jon D. Schneider, Charles D. Onofry, Phoenix, for Third–Party Defendant, Cross–Claimant, Counterclaimant–Appellant Casa Ford, Inc.

Grossman, O'Grady & Mc Goldrick, P.C. by Evan S. Goldstein, Keith B. Forsyth, Scottsdale, for Defendant Third–Party Plaintiff, Counterdefendant–Appellee Bill Alexander Ford, Lincoln Mercury, Inc.

Sorenson, Moore, Evens, Marshall & Rocco by Steven E. Harrison, Phoenix, for Third–Party Defendant, Cross Defendant–Appellee Tate Motor Company.

## OPINION

NOYES, Judge.

The parties are automobile dealers, one from Texas and two from Arizona, who were sellers of a 1984 Ford Mustang with a defective seat belt assembly. After the defect caused injury to a passenger, the passenger filed suit in Texas and recovered a joint and several liability judgment against the Texas dealer only. The Texas dealer paid the judgment, then claimed, in this action, a right of contribution from the Arizona dealers. The trial court applied Arizona law and granted summary judgment to the Arizona dealers on grounds that Arizona has abolished joint and several liability. The Texas dealer appealed. We reverse and remand. We agree that Arizona law applies, but we hold that the Texas judgment made the Texas dealer "jointly or severally liable in tort" within the meaning of A.R.S. section 12–2501(A) (1994), and that the Texas dealer therefore has an Arizona right of contribution.

I

Casa Ford, Inc. (of Texas) sold a 1984 Ford Mustang to Tate Motor Company (of Arizona), who sold it to Bill Alexander Ford, Lincoln Mercury, Inc. (of Arizona). The Mustang had a defective seat belt assembly for which the manufacturer had issued a recall notice but which had not been repaired in this particular car. Bill Alexander sold the car to Francisco Sodari who, on July 16, 1988, fell asleep at the wheel near Yuma, Arizona. The car left the road, went over a bridge abutment, and fell eight feet into a dry wash. The passenger, Juan Sandigo, was wearing a seat belt, but the seat belt failed and Sandigo suffered massive injuries including paraplegia, loss of an eye, and brain damage.

On July 5, 1990, Sandigo filed suit in the district court of El Paso County, Texas, against Bill Alexander, Tate, and Casa Ford. Sandigo also filed suit (this suit) against Bill Alexander in Arizona. The Texas court never obtained jurisdiction over Bill Alexander and Tate, who had no contacts with Texas. Prior to trial in Texas, Sandigo and Casa Ford entered into stipulations: they waived a jury, Casa Ford admitted liability for placing in commerce the defective and unreasonably dangerous product which caused Sandigo's injuries, Casa Ford waived comparative fault issues regarding the driver, and Sandigo waived a claim for punitive damages. The Texas court limited Sandigo's damages to those disclosed "by his answers to interrogatories," a ruling which precluded Sandigo's claim for brain-injury damages.

The Texas court awarded Sandigo full damages for all claims litigated and entered judgment against Casa Ford for $8,762,313. One of the court's conclusions of law was that

Casa Ford's liability was based "solely on the doctrine of strict liability in tort for having placed a defective and unreasonably dangerous product into the stream of commerce." After a credit for Sandigo's $1,667,257 settlement with the driver, Casa Ford paid the judgment.

Sandigo then tried to pursue his brain injury and punitive damages claims against Bill Alexander in this case, which had been stayed pending resolution of the Texas case. Bill Alexander filed a third party complaint against Tate and Casa Ford. Casa Ford answered and asserted a counterclaim against Bill Alexander and a cross-claim against Tate, seeking contribution for the judgment it had paid. (Casa Ford also sought indemnification and contribution from Ford Motor Company, Inc., claims which are not involved here.)

The trial court granted summary judgment to Bill Alexander on grounds that Sandigo could not split his cause of action. Sandigo appealed, and this Court affirmed in an unpublished decision. *Sandigo v. Bill Alexander Ford, Lincoln–Mercury, Inc.,* No. 1 CA–CV 94–0505 (Ariz.App. Feb. 1, 1996). We held that:

> In the Texas action, Sandigo litigated Casa Ford's liability for his injuries arising from the failure of the seat belt, obtained a multi-million dollar judgment, and had it satisfied. The payment of the judgment acted as a release or covenant not to sue as to other tortfeasors responsible for the same harm. RESTATEMENT (SECOND) OF TORTS § 886 (1977).

*Id.* at 4. We also held that Sandigo was precluded from seeking additional damages in Arizona because he had the opportunity to litigate all such claims in Texas:

> Clearly, Sandigo could not proceed in a second action against Casa Ford, that is, he could not split his cause of action. RESTATEMENT (SECOND) OF JUDGMENTS § 24 (1980). Because he could not file another action against Casa Ford for further compensatory damages, he cannot do so now against Bill Alexander. RESTATEMENT (SECOND) OF JUDGMENTS § 29 (1980).

*Id.* at 6 (citations and footnote omitted).

It is therefore settled that, when Casa Ford satisfied the joint and several liability Texas judgment, it satisfied all claims Sandigo had against anyone, including Bill Alexander and Tate.

II

 Arizona has abolished joint and several liability in all but a few kinds of cases not relevant here. *See* A.R.S. § 12–2506 (Supp.1995). It is undisputed that Casa Ford paid a Texas judgment that was a joint and several liability. *See* Tex.Civ.Prac. and Rem.Code Ann. § 33.013(b), (c) (Supp.1994). The question is whether Texas or Arizona law applies in this contribution action. The standard of review on choice of law is de novo. *Baroldy v. Ortho Pharmaceutical Corp.,* 157 Ariz. 574, 578, 760 P.2d 574, 578 (App.1988).

 Arizona courts follow the Restatement (Second) of Conflict of Laws (1971) to determine the controlling law for multistate torts. *Bates v. Superior Court,* 156 Ariz. 46, 48, 749 P.2d 1367, 1369 (1988). The law which applies is that of the state with the most significant relationship to the occurrence and to the parties. *Lucero v. Valdez,* 180 Ariz. 313, 315, 884 P.2d 199, 201 (App. 1994); *see also* RESTATEMENT OF CONFLICT OF LAWS §§ 6, 145(2).

Although Texas law applied in the action between Sandigo and Casa Ford, the contribution action involves other parties and issues. *See Caterpillar Tractor Co. v. Teledyne Indus., Inc.,* 53 Cal.App.3d 693, 126 Cal.Rptr. 455, 457 (1975). Contribution does not involve the injured party, rather it concerns "the relationship of tortfeasors to each other when, after entry of judgment, one of them discharges the common liability." *Id.* 126 Cal.Rptr. at 458 (quoting *Augustus v. Bean,* 56 Cal.2d 270, 14 Cal.Rptr. 641, 642, 363 P.2d 873, 874 (1961)). We agree with the trial court that neither Bill Alexander nor Tate "had sufficient contact with Texas to render them subject to Texas law. As to these parties, the location of the vehicle accident, the ultimate sale and the forum are all in the State of Arizona." In short, we agree with the trial court that Arizona has a great-

er interest than Texas in this contribution action, and more contacts with it, and that Arizona law applies to it. *See* RESTATEMENT OF CONFLICT OF LAWS, §§ 6 and 145.

### III

■ Under the common law doctrine of joint and several liability, two or more tortfeasors who caused an indivisible harm were each liable for the full amount of plaintiff's damages. *Herstam v. Deloitte & Touche, LLP,* 186 Ariz. 110, 113–15, 919 P.2d 1381, 1384–86 (App.1996); *see Roland v. Bernstein,* 171 Ariz. 96, 97, 828 P.2d 1237, 1238 (App. 1991). A tortfeasor who satisfied plaintiff's claim could not seek contribution from other tortfeasors. *Herstam,* 186 Ariz. at 115–16, 919 P.2d at 1386–87; *Holmes v. Hoemako Hosp.,* 117 Ariz. 403, 405, 573 P.2d 477, 479 (1977). To do away with a rule which, in essence, required some tortfeasors to pay for the fault of others, Arizona adopted the Uniform Contribution Among Tortfeasors Act ("UCATA"), which allows one who satisfies a common liability to seek contribution from joint tortfeasors for their fair share of the damages. *See* A.R.S. §§ 12–2501 to –2509 (1994 & Supp.1995).

■ Contribution is an equitable doctrine designed "to prevent plaintiffs from forcing one defendant to bear the entire burden of damages 'according to the accident of a successful levy of execution, the existence of liability insurance, the plaintiff's whim or spite, or his collusion with the other wrongdoer.'" *PAM Transp. v. Freightliner Corp.,* 182 Ariz. 132, 134, 893 P.2d 1295, 1297 (1995) (quoting WILLIAM L. PROSSER, LAW OF TORTS § 50, at 307 (4th ed. 1971)).

■ Casa Ford argues that it has a right of contribution against Bill Alexander and Tate because the Texas judgment was a joint and several liability and because, when Casa Ford paid the judgment, it paid more than its pro rata share of liability. Casa Ford asserts that both Arizona and Texas law permit contribution. Because we apply Arizona contribution law, we do not discuss Texas law.

Bill Alexander and Tate argue that, because Arizona has abolished joint and several liability, Casa Ford is precluded from seeking contribution based on a Texas joint and several liability judgment. Alternatively, they argue that the claim is precluded because Casa Ford failed to have the Texas court apportion the fault of Bill Alexander and Tate.

The trial court found that Casa Ford's contribution claim was precluded by A.R.S. section 12–2506, which provides as follows: "In an action for personal injury, property damage or wrongful death, the liability of each defendant for damages is several only and is not joint, except as otherwise provided in this section." (The exceptions are irrelevant here. *See* A.R.S. § 12–2506(D).) If the Sandigo–Casa Ford judgment had been entered in Arizona, section 12–2506 would apply. But section 12–2506 does not turn a Texas joint and several liability judgment into a several liability judgment.

We conclude that A.R.S. section 12–2501(A) permits a contribution claim based on an out-of-state joint and several liability judgment. This statute provides as follows:

> Except as otherwise provided in this article, if two or more persons become jointly or severally liable in tort for the same injury to person or property or for the same wrongful death, there is a right of contribution among them even though judgment has not been recovered against all or any of them.

By the Texas judgment, Casa Ford, Bill Alexander and Tate "became jointly or severally liable in tort for the same injury." Tate argues that the abrogation of joint and several liability in A.R.S. section 12–2506(A) leaves no joint liability for which Casa Ford may seek contribution. We disagree. When the legislature amended section 12–2506, it did not amend the broad language of section 12–2501(A), of which it was presumably aware. *See State v. Garza Rodriguez,* 164 Ariz. 107, 111, 791 P.2d 633, 637 (1990) (legislature is presumably aware of existing law when it modifies or enacts statutes). We therefore construe section 12–2506 together with section 12–2501(A) and the overall purpose of UCATA, to achieve coherence in the statutes. *See Goulder v. Arizona Dep't of Transp., Motor Vehicle Div.,* 177 Ariz. 414, 416, 868

P.2d 997, 999 (App.1993), *aff'd,* 179 Ariz. 181, 877 P.2d 280 (1994); *Resolution Trust Corp. v. Foust,* 177 Ariz. 507, 512, 869 P.2d 183, 188 (App.1993).

UCATA was intended to abolish the harsh effects of joint and several liability. *See Herstam,* 186 Ariz. at 115–16, 919 P.2d at 1386–87; *PAM Transp.,* 182 Ariz. at 134, 893 P.2d at 1297. The legislature enacted a contribution scheme based on principles of equity and fairness, where each tortfeasor pays only his pro rata share of liability. *Church v. Rawson Drug & Sundry Co.,* 173 Ariz. 342, 350, 842 P.2d 1355, 1363 (App.1992).

UCATA was designed to ensure that all tortfeasors pay only their fair share of a common liability; it was not designed to enable Arizona tortfeasors to *avoid* paying their fair share, which is what Bill Alexander and Tate are trying to do. Casa Ford paid the Texas judgment and satisfied all liability of Bill Alexander and Tate; Bill Alexander and Tate are now trying to use UCATA to preclude Casa Ford from seeking contribution from Bill Alexander and Tate. Such inequity is contrary to the intent of UCATA, and it is contrary to the express language of section 12–2501(A).

■ Turning to Bill Alexander and Tate's alternative argument, we hold that Casa Ford is not precluded from seeking contribution on grounds that the Texas court failed to allocate fault to Bill Alexander and Tate. The Texas court lacked jurisdiction over Bill Alexander and Tate. *See Martin v. Martin,* 182 Ariz. 11, 15, 893 P.2d 11, 15 (App.1994) (judgment void if court lacked jurisdiction over parties). Allocating fault to non-parties Bill Alexander and Tate in the Texas action would have settled nothing. "In general, a person who is not a party to an action is not bound by the result." *Scottsdale Memorial Health Systems, Inc. v. Clark,* 157 Ariz. 461, 466, 759 P.2d 607, 612 (1988); *see also City of Tucson v. Superior Court,* 165 Ariz. 236, 240, 798 P.2d 374, 378 (1990) (damages and liability may be litigated in contribution action).

## IV

We hold that Casa Ford is entitled to seek contribution from Bill Alexander and Tate.

The Texas judgment paid by Casa Ford was a joint and several liability there, and it was therefore a joint and several liability within the meaning of section 12–2501(A). The summary judgment in favor of Bill Alexander and Tate is reversed and the case is remanded for further proceedings consistent with this opinion.

GRANT, P.J., and EHRLICH, J., concur.