58 P.3d 28

Rachel WEST, Plaintiff/Appellant,

v.

The STATE of Arizona,
Defendant/Appellee.

No. 2 CA–CV 2001–0055.

Court of Appeals of Arizona,
Division 2, Department A.

Oct. 8, 2002.

Stompoly, Stroud, Glicksman & Erickson, P.C. By Elliot Glicksman, Tucson, for Plaintiff/Appellant.

Waterfall, Economidis, Caldwell, Hanshaw & Villamana, P.C., By Cary Sandman, Tucson, for Defendant/Appellee.

*OPINION*

HOWARD, J.

¶ 1 Appellant Rachel West appeals from the partial summary judgment entered in favor of appellee State of Arizona in her negligence action against it. She asserts the trial court erred in ruling she was required to join the state in another action against other defendants for the same injury and in finding her claim therefore barred. Because the trial court's ruling was correct, we affirm.

¶ 2 In reviewing a ruling on a motion for summary judgment, we view the facts and inferences therefrom in the light most favorable to the non-moving party. *Link v. Pima County*, 193 Ariz. 336, ¶ 12, 972 P.2d 669, ¶ 12 (App.1998). West was a ward of the state whom the state at one point placed in a foster home run by the Sampsons. While

there, she was sexually abused by the Sampsons' son, Lynchell, and another foster child, Ricky.

¶ 3 In 1994, West became a representative plaintiff in this putative class action lawsuit[1] against the state for its alleged negligence in supervising her care, including negligently placing her in the Sampsons' home. She included the Sampsons and Lynchell as defendants. In 1998, she individually filed a separate action against the Sampsons, Lynchell, and Ricky (the "Sampson action"). The state moved to consolidate the actions, arguing the actions presented "identical questions of fact and law." West and the Sampsons opposed the motion, West arguing consolidation would unfairly delay trial in the Sampson action. The trial court then denied the state's motion.

¶ 4 The Sampsons then attempted to designate the state as a nonparty at fault in the Sampson action pursuant to Rule 26(b)(5), Ariz. R. Civ. P., 16 A.R.S., Pt. 1. But West opposed the attempt as untimely, and the trial court denied it. Shortly before trial in the Sampson action, West moved to dismiss her claims against Lynchell and Ricky, but stipulated to the Sampsons' designating them as nonparties at fault. The jury returned a verdict in West's favor, awarding damages of $350,000, with Lynchell and Ricky seventy percent at fault and the Sampsons thirty percent at fault.

¶ 5 The state then moved for partial summary judgment in this case, arguing that A.R.S. § 12–2506 barred West's claim because the jury in the Sampson action had allocated fault for the same injury that was the basis of her claim against the state here. The trial court agreed and granted partial summary judgment, pursuant to Rules 54(b) and 56(c), Ariz. R. Civ. P., 16 A.R.S., Pt. 2. The court ruled in the state's favor "on all issues ... relating to [any] alleged fault ... for damages arising out of allegations of sexual abuse occurring during [West's] placement in the Sampson foster home." West appeals that ruling.

¶ 6 West argues the trial court erred in granting summary judgment, claiming it misconstrued § 12–2506 and erroneously adopted a "one-action rule." We review a grant of summary judgment de novo. *Strojnik v. General Ins. Co. of Am.*, 201 Ariz. 430, ¶ 10, 36 P.3d 1200, ¶ 10 (App.2001). A motion for summary judgment should be granted if "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(c); *see also Orme School v. Reeves*, 166 Ariz. 301, 309, 802 P.2d 1000, 1008 (1990). We also review the interpretation of a statute de novo. *See Rosner v. Denim & Diamonds, Inc.*, 188 Ariz. 431, 432, 937 P.2d 353, 354 (App.1996).

¶ 7 Section 12–2506,[2] a comparative negligence statute, states:

A. In an action for personal injury, property damage or wrongful death, the liability of each defendant for damages is several only and is not joint, except as otherwise provided in this section. Each defendant is liable only for the amount of damages allocated to that defendant in direct proportion to that defendant's percentage of fault, and a separate judgment shall be entered against the defendant for that amount. To determine the amount of judgment to be entered against each defendant, the trier of fact shall multiply the total amount of damages recoverable by the plaintiff by the percentage of each defendant's fault, and that amount is the maximum recoverable against the defendant.

B. In assessing percentages of fault the trier of fact shall consider the fault of all persons who contributed to the alleged injury, death or damage to property, regardless of whether the person was, or could have been, named as a party to the suit. Negligence or fault of a nonparty may be considered if the plaintiff entered into a settlement agreement with the nonparty or if the defending party gives notice

---

1. While this action was filed as a class action, after West's claim was dismissed, the trial court eventually denied class certification under Rule 23, Ariz. R. Civ. P., 16 A.R.S., Pt. 1.

2. The parties have not challenged the validity of the statute nor raised any issue concerning applicability of the current provisions.

before trial, in accordance with requirements established by court rule, that a nonparty was wholly or partially at fault. Assessments of percentages of fault for nonparties are used only as a vehicle for accurately determining the fault of the named parties. Assessment of fault against nonparties does not subject any nonparty to liability in this or any other action, and it may not be introduced as evidence of liability in any action.

C. The relative degree of fault of the claimant, and the relative degrees of fault of all defendants and nonparties, shall be determined and apportioned as a whole at one time by the trier of fact. If two or more claimants have independent claims, a separate determination and apportionment of the relative degrees of fault of the respective parties, and any nonparties at fault, shall be made with respect to each of the independent claims.

¶ 8 Although no Arizona case has addressed the precise issue presented here, our courts have reviewed the purpose, intent, and application of § 12–2506. The statute abolished joint and several liability in Arizona and established "a system of several liability making each tortfeasor responsible for paying for his or her percentage of fault and no more." *Dietz v. General Elec. Co.*, 169 Ariz. 505, 510, 821 P.2d 166, 171 (1991) (emphasis omitted). Cases interpreting § 12–2506 " 'reflect a recognition of the legislature's strong desire to ensure that comparative fault principles are applied in most cases where the actions of more than one party combine to cause harm.' " *Rosner*, 188 Ariz. at 433, 937 P.2d at 355, *quoting Natseway v. City of Tempe*, 184 Ariz. 374, 377, 909 P.2d 441, 444 (App.1995). " '[C]ommon sense in the fair application of [a] pure comparative negligence system mandates that' " fault must be compared amongst *all* tortfeasors, be they parties or nonparties. *Zuern By and Through Zuern v. Ford Motor Co.*, 188 Ariz. 486, 491, 937 P.2d 676, 681 (App.1996), *quoting Cleveland By and Through Cleveland v. Piper Aircraft Corp.*, 890 F.2d 1540, 1551 (10th Cir.1989); *accord Piner v. Superior Court*, 192 Ariz. 182, ¶ 34, 962 P.2d 909, ¶ 34 (1998). Ultimately, this means that fault is apportioned even when at the expense of

the plaintiff. *Jimenez v. Sears, Roebuck and Co.*, 183 Ariz. 399, 407, 904 P.2d 861, 869 (1995).

¶ 9 Section 12–2506(B) provides, in relevant part: "In assessing percentages of fault the trier of fact shall consider the fault of all persons who contributed to the alleged injury, death or damage to property, regardless of whether the person was, or could have been, named as a party to the suit." In order to fulfill the mandate of this provision, a plaintiff should join all tortfeasors who can be joined in a single action. Thus, the statute's language compels joinder.

¶ 10 Furthermore, applying a "common sense" interpretation, *see Zuern*, we read § 12–2506 to establish that "[o]ne hundred percent is the maximum fault available to share among all the negligent actors." Dan B. Dobbs, *The Law of Torts* § 210, at 532 (2001) (discussing apportionment in comparative fault jurisdictions that have abolished joint and several liability). And common sense also dictates that the fault allocation in each action must total one hundred percent. *See Piner*, 192 Ariz. 182, ¶¶ 32–33, 962 P.2d 909, ¶¶ 32–33 (illustrating that allocation under § 12–2506 must total one hundred percent); *see also Grandstaff v. Hawks*, 36 S.W.3d 482, 494–95 (Tenn.Ct. App.2000) (in comparative fault jurisdiction, jury should allocate percentages of fault totaling one hundred percent among negligent parties); Brian P. Dunigan and Jeffrey J. Phillips, *Comparative Fault in Tennessee: Where Are We Going, and Why Are We in this Handbasket?*, 67 Tenn. L.Rev. 765, 797–98 (2000) ("[A]pportioned fault in a comparative fault case must total one hundred percent."). Accordingly, if a plaintiff were allowed to sue individual defendants in separate actions for the same injury, the fault allocation in each action would total one hundred percent, resulting in an overall fault allocation of more than one hundred percent. This would violate the principle that one hundred percent is the maximum fault allocation.

¶ 11 Moreover, interpreting § 12–2506 to allow plaintiffs to sue various parties for the same injury in serial actions would essential-

ly allow plaintiffs to effectuate joint liability. For instance, if a plaintiff could sue various parties in succession for the same injury, one jury might find one defendant seventy-five percent at fault, while another jury could find another defendant also seventy-five percent at fault. Such a result, in effect allowing joint and several liability for some portion of the fault allocation, would thwart the legislature's intent to establish, through enactment of § 12–2506, comparative fault and several liability in place of joint liability. *See Dietz; Rosner.*

¶ 12 Requiring that the claims against all available defendants be joined in one action is neither radical nor anomalous. Long ago, in determining that certain statutes required a principal obligor to be sued in the same action as the surety, our supreme court stated: "Unquestionably the policy of our law is to determine the rights of all parties to a controversy in one suit, if possible." *United States Fidelity & Guar. Co. v. Alfalfa Seed & Lumber Co.,* 38 Ariz. 48, 52–53, 297 P. 862, 864 (1931). Later, affirming this principle in a broader context, Division One of this court stated: "The Rules of Civil Procedure, both before and after the extensive amendments [of] ... 1966, encourage the joinder of all appropriate parties in a single suit to avoid multiplicity of litigation. The election, if there be an election available, rests with the plaintiff in the first instance." *Arizona Title Ins. & Trust Co. v. Kelly,* 11 Ariz.App. 254, 255, 463 P.2d 838, 839 (1970); *see also Staffco, Inc. v. Maricopa Trading Co.,* 122 Ariz. 353, 357, 595 P.2d 31, 35 (1979) ("The thrust of ... [joinder] rules is that, whenever possible, all claims should be disposed of in one action."); *Bill Alexander Ford, Lincoln, Mercury, Inc. v. Casa Ford Inc.,* 187 Ariz. 616, 618, 931 P.2d 1126, 1128 (App.1996) (under Restatement (Second) of Judgments § 29 (1980), plaintiff could not seek additional damages in subsequent action against defendant where plaintiff "had the opportunity to litigate all such claims" in earlier action against other defendants). We see no reason not to apply these principles in comparative negligence actions.

¶ 13 Furthermore, cases in other jurisdictions that have comparative negligence systems support our conclusion. The Kansas Supreme Court, in light of that state's comparative negligence statute, K.S.A. § 60–258a, which is similar to § 12–2506, declared that all negligent parties must "have their fault determined in one action." *Albertson v. Volkswagenwerk Aktiengesellschaft,* 230 Kan. 368, 634 P.2d 1127, 1128 (1981). The court also stated that "any party who fails to assert a claim against any other party in a comparative negligence action is forever barred." *Eurich v. Alkire,* 224 Kan. 236, 579 P.2d 1207, 1209 (1978); *see also Chavez v. Markham,* 256 Kan. 859, 889 P.2d 122, 127 (1995) (under § 60–258a, "it is ... necessary for a plaintiff to join all tortfeasors in one action"); *Mick v. Mani,* 244 Kan. 81, 766 P.2d 147, 156 (1988) (if plaintiff presented entire damage claim in one action and sued defendant in subsequent action for same damages, "[w]hen ... [the first] verdict became final, plaintiff's entire damage claim was ended"). Likewise, in Tennessee, where comparative fault laws hold defendants severally liable for their percentage of fault, if "the separate, independent negligent acts of more than one tortfeasor combine to cause a single, indivisible injury, all tortfeasors must be joined in the same action." *Samuelson v. McMurtry,* 962 S.W.2d 473, 476 (Tenn.1998).

¶ 14 West nevertheless argues that requiring joinder of all possible defendants under § 12–2506 would result in a conflict between the statute and Rule 20, Ariz. R. Civ. P., 16 A.R.S., Pt. 1, which allows permissive joinder of parties. But West fails to acknowledge Rule 19(a), which states that a person who is subject to service of process and whose presence will not deprive the court of jurisdiction "shall be joined as a party in [an] action if[,] ... in the person's absence[,] complete relief cannot be accorded among those already parties." This rule is completely consistent with and complementary to the requirement of § 12–2506 that all potential defendants be joined in one action; a plaintiff cannot obtain "complete relief" without all negligent parties answering for their respective degrees of fault, and § 12–2506 forces a plaintiff to have all degrees of fault among all negligent actors determined in a single action. Here, West essentially claims she did not obtain complete relief, as

she aims to hold the state liable for the same injury as she did the Sampson action defendants. Accordingly, Rule 19(a) required West to join the state and the Sampson action defendants in the same action, but she failed to do so. Ultimately, § 12–2506 falls within the purview of Rule 19(a) and does not conflict with Rule 20.

¶ 15 West nonetheless suggests in her reply brief that, because it is the defendant's burden to designate nonparties at fault, it is also the defendant's burden to secure the presence of all negligent parties in one proceeding. But the Restatement (Third) of Torts (1999) § B18 cmt. a, contradicts her position, stating that "[i]mposing several liability reverses the effects of joint and several liability [and] ... the burden of suing all potentially responsible persons is placed on the plaintiff." *See also* Restatement § B19 cmt. d (same); Restatement § D19 cmt. j ("By replacing joint and several liability [with several liability only], the obligation to join additional parties is shifted from the defendant to the plaintiff."). And "we generally follow the Restatement absent statutes or case law to the contrary." *Barnes v. Outlaw,* 192 Ariz. 283, ¶ 6, 964 P.2d 484, ¶ 6 (1998).

■ ¶ 16 Furthermore, although the Sampsons could have timely designated the state as a nonparty at fault, the state would not have been liable as a result of the verdict. § 12–2506(B). The nonparty at fault designation is a benefit to the defendant by allowing the jury to allocate fault to a third party instead of the defendant. *See Sanchez v. City of Tucson,* 191 Ariz. 128, ¶ 25, 953 P.2d 168, ¶ 25 (1998) (nonparty at fault provisions in § 12–2506 "reduc[e] the amount recoverable from the [defendant]"). It is not for the benefit of the plaintiff and does not relieve the plaintiff of the burden or incentive to join all potentially liable parties in a single action. *See* Restatement (Third) of Torts §§ B18, B19, D19. West cannot shift the burden of joining the state to the Sampsons.

¶ 17 West argues further that a one-action rule in some cases could cause a plaintiff to lose the right to sue a negligent party whose existence or culpability was unknown at the time of the first trial. Relying on *Hazine v. Montgomery Elevator Co.,* 176 Ariz. 340, 861 P.2d 625 (1993), she claims such a result would be unconscionable. But West has not challenged the constitutionality of § 12–2506 under the anti-abrogation clause, article XVIII, § 6, of the Arizona Constitution, which was the basis for the holding in *Hazine.* Moreover, we are not presented with the situation in West's hypothetical and need not decide it. Rather, contrary to her hypothetical, West was well aware of the state's potential liability and was already a plaintiff in this class action against it for its alleged negligence that caused her injury when she began the Sampson action.

■ ¶ 18 One legal writer has commented that "comparative fault regimes ... should make the failure to join potentially liable persons a bar to future actions ... [as] allowing serial litigation against successive defendants represents a lack of discipline or interest by the courts and encourages plaintiffs to pursue inappropriate strategies." John Scott Hickman, *Efficiency, Fairness, and Common Sense: The Case for One Action as to Percentage of Fault in Comparative Negligence Jurisdictions that have Abolished or Modified Joint and Several Liability,* 48 Vand. L.Rev. 739, 751–52 (1995). We agree. In light of the language of § 12–2506, the longstanding policy of avoiding multiplicity of litigation, *see Staffco; United States Fidelity; Arizona Title Ins.,* the Restatement, and other authority supporting the joinder requirement, we hold that if a plaintiff knows or should know of the existence and culpability of a tortfeasor who is amenable to joinder under Rule 19(a), but fails to join that tortfeasor, and obtains a judgment allocating the fault among other negligent parties, a subsequent action against that tortfeasor is barred by § 12–2506.

¶ 19 In the Sampson action, West recovered damages for the same injury that is the subject of the partial summary judgment, the jury apportioning one hundred percent of the fault among the Sampsons, Lynchell, and Ricky. The state, like the defendants in the Sampson action, was alleged to have negligently contributed to West's injury. Under § 12–2506, the fault of all parties who caused the injury should have been compared, found,

and allocated in a single action. Accordingly, the state's portion of fault for this injury should have been determined in the Sampson action.[3] And, as the state notes, if West successfully sued it in a separate action, she would recover damage awards allocating more than one hundred percent of the fault for her injury. Therefore, the trial court did not err in granting the state's motion for partial summary judgment.

¶ 20 The trial court's judgment is affirmed.

FLÓREZ and O'NEIL *, JJ., concurring.

---

**3.** West has not argued that she should be allowed to proceed because this action was commenced before the Sampson action, nor has she argued that the fact that this was filed as a class action excuses her from joining all defendants in one action.

\* A judge of the Pima County Superior Court authorized and assigned to sit as a judge on the Court of Appeals, Division Two, pursuant to Arizona Supreme Court Order filed August 13, 2002.